■ ALMA R. GRAMMA, Appellant, v GARY GRAMMA, as Executor of JAMES J. GRAMMA, JR., Deceased, Respondent.—Kane, J. P. Appeal from a judgment of the Supreme Court (Lynn, J.H.O.) granting, inter alia, defendant a divorce, entered June 8, 1988 in Ulster County, upon a decision of the court, without a jury.

Plaintiff and James J. Gramma, Jr. (hereinafter defendant) were married in November 1970. In April 1986, plaintiff commenced this action seeking, inter alia, a dissolution of the marriage and equitable distribution of the marital property. Defendant, who at the time was approximately 74 years of age and in extremely poor health, counterclaimed for similar relief. In February 1987, plaintiff, who was approximately 62 years of age and also ill, agreed with defendant to have this case assigned to a Judicial Hearing Officer to expedite the matter. In February 1988, after attempts to settle, conferences and the appointment of new counsel for plaintiff, the Judicial Hearing Officer determined that the matter would be set for trial on April 24 and 25, 1988. These dates were chosen due to the inability of plaintiff to travel during the winter months. On April 20, 1988, plaintiff requested an adjournment of the trial on the ground that she was ill, a motion for which was formally made by her attorney immediately prior to trial. The motion was denied, and the matter proceeded to trial after which the Judicial Hearing Officer rendered, inter alia, a judgment of divorce in favor of defendant and ordered equitable distribution of the marital property. Defendant has since died, and plaintiff now appeals on the ground that her motion for an adjournment was erroneously denied.

We affirm. The decision to grant an adjournment rests solely within the trial court's discretion (see, Woertler v Woertler, 110 AD2d 947, 948) and we have consistently refrained from intervening in adjournment matters absent a clear abuse thereof (see, Matter of Claburn v Claburn, 128 AD2d 937, 938). In the case at bar, the Judicial Hearing Officer went to great lengths in originally scheduling the trial for the convenience

of plaintiff. The court informed plaintiff's counsel that plaintiff was expected to be prepared for trial, the date for which was set in accordance with plaintiff's need for warmer weather to travel. The court also informed counsel that there was no intention of granting plaintiff any further delay "and they must be ready for trial". The only tangible support for plaintiff's excuse of illness was an unsworn conclusory letter from her doctor claiming that she was unable to go through a trial. Under these circumstances, we see no basis for disturbing the decision to deny the motion to adjourn.

Judgment affirmed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.