(April 16, 1992)

■ In the Matter of KYESHA A., Alleged to be an Abused and Neglected Child. ROSE M. PANDOZY, as Commissioner of the Clinton County Department of Social Services, Respondent; GLORIA B., Appellant. (And Two Other Related Proceedings.)— Weiss, P. J. Appeal from an order of the Family Court of Clinton County (Lewis, J.), entered February 26, 1990, which, *inter alia,* granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate Kyesha A. to be neglected.

When this appeal was previously before us (176 AD2d 381), decision was withheld and the matter was remitted to Family Court for findings of fact essential to its conclusion of neglect. Those findings are now before this court and we are able to reach the merits.

Kyesha A. (age five) was left with a certified day care provider on Friday evening, August 4, 1989 by respondent, her maternal grandmother. The care provider was to care for the child over the weekend with arrangements for respondent to pick her up on the following Monday or Tuesday at the latest. On Wednesday, not having heard anything from respondent and having no one to contact, the care provider called the child protective services operated by petitioner's office. After petitioner located respondent in a shelter in Vermont, she did telephone and wire money to the care provider but failed to return for the child until Sunday evening, by which time petitioner had taken custody of the child. The history of the child was subjected to close scrutiny because respondent did not have legal custody. The investigation disclosed that the child had been taken from her mother without permission and that the mother herself was still a minor who had been abandoned by respondent. Additionally, it appears that respondent was facing prostitution and immigration charges in Canada, that she and the child lived an unstable itinerant lifestyle and that the child had previously been subjected to some sexual abuse.

Petitions for child neglect and abuse were filed by petitioner and cross petitions for custody were filed by respondent and the child's mother, the latter being dismissed without prejudice. Following joint hearings, the abuse petition was dismissed and the neglect petition granted upon a determination that the child had been neglected and abandoned, and that placement of the child in petitioner's custody for 12 months was warranted. Only respondent has appealed.

Respondent contends that petitioner failed to establish child neglect by a fair preponderance of evidence (see, Matter of Tammie Z., 66 NY2d 1, 3). We disagree. Initially, the situation which triggered petitioner's investigation was clearly established. Respondent's abandonment evidenced a failure to provide proper care and supervision for the child placing her at substantial risk of potential harm (see, Matter of Daniel DD., 142 AD2d 750, 751). While a single incident may be sufficient to constitute child neglect (see, Matter of Coleen P., 148 AD2d 782, 783), here Family Court had much more upon which to base its decision. Respondent's history with the child is murky due to her extremely evasive and rather incredible testimony which Family Court found unworthy of belief. She declined to provide a single prior address, exhibiting instead a transient, nomadic life-style. The record does show that respondent's possession of the child was without the consent of the child's mother. The testimony of the mother established that the child was four months of age when taken from her and then returned at age three, and taken again three months later. Shortly before the incident giving rise to these proceedings, the child had been placed in foster care in Canada due to criminal charges pending against respondent, who declined to reveal the nature and circumstances thereof.

We cannot agree that respondent's version of the events should be accepted. There is ample basis in the record to support the resolution of conflicting testimony against her, particularly since Family Court had the advantage of hearing the witnesses and weighing the credibility of their testimony (see, Northern Westchester Professional Park Assocs. v Town of Bedford, 60 NY2d 492, 499; Eschbach v Eschbach, 56 NY2d 167, 172; Matter of Amy J. v Brian K., 161 AD2d 1022, 1023; Matter of Schwartz v Schwartz, 144 AD2d 857, 859).

Respondent further contends that she was denied effective assistance of counsel. Although the final day of the hearing had been scheduled over one month in advance, respondent's attorney telephoned Family Court after the time set for commencement stating that she was unable to appear on time

because of a conflict with a hearing in City Court. Family Court rejected this late notice by the attorney, and based upon respondent's statement to the court that she did not intend to participate in that stage of the proceeding, but intended only to observe, the court proceeded with the proof. The testimony received concerning sexual abuse was brief and was made prior to an adjournment to the afternoon when respondent's attorney could attend. While the more prudent course would have been to adjourn without taking testimony, no prejudice occurred here because the court determined that the sexual abuse allegations were unfounded and dismissed the abuse petition. Moreover, the testimony received was unrelated to the neglect petition. When viewed in the totality of the proceedings, we find that respondent received full and meaningful representation (see, Matter of De Vivo v Burrell, 101 AD2d 607).

Yesawich Jr., Mercure and Casey, JJ., concur. Ordered that the order is affirmed, without costs.