■ In the Matter of MARYANNE PP., Respondent, v RICHARD

QQ., Appellant. [596 NYS2d 189] —Mercure, J. Appeal from an order of the Family Court of Saratoga County (James, J.), entered November 30, 1990, which granted petitioner's applications, in a proceeding pursuant to Family Court Act article 8, to, *inter alia,* find respondent in violation of a temporary order of protection.

Petitioner and respondent were married on September 19, 1987 and have one child. Petitioner commenced this Family Court Act article 8 proceeding alleging, among other things, that respondent assaulted and harassed her on two different occasions in March 1990. Family Court granted a temporary order of protection dated March 29, 1990 and issued a subsequent visitation order. During the pendency of the proceeding, petitioner filed additional petitions dated July 2, 1990 and September 12, 1990 alleging violations of the outstanding order of protection. After a hearing held on all three petitions, Family Court found that on March 7 and March 28, 1990, respondent committed acts which constitute the offense of harassment in that he did, with intent to harass, annoy or alarm petitioner, subject her to physical contact and that respondent violated the temporary order of protection when he exercised his visitation in April and May 1990 by, among other things, coming to the door of the marital residence and by videotaping the transfer of the child attendant to visitation. Respondent appeals.*

We affirm. On appeal, the primary contention advanced by respondent is that his version of the events should have been universally accepted and petitioner's version in all respects rejected. However, in view of Family Court's advantage of hearing the witnesses, its credibility determinations are not to be lightly set aside *(see, Matter of Irene O.,* 38 NY2d 776, 777; *Matter of Kyesha A.,* 182 AD2d 996, 997). In our view, the proof presented by petitioner supported Family Court's findings by a fair preponderance of the evidence *(see,* Family Ct Act § 832; *Matter of Rogers v Rogers,* 161 AD2d 766). Respondent's remaining contentions lack merit and do not warrant discussion.

---

* The order appealed from was not a dispositional order from which an appeal can be taken as of right (Family Ct Act § 1112 [a]; *see,* Besharov, Practice Commentary, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 841, at 191). Rather than dismiss the appeal (and no doubt precipitate a new appeal from the subsequent dispositional order), we shall grant permission to appeal *sua sponte* in the interest of judicial economy *(see, Matter of Discenza v Dann OO.,* 148 AD2d 196, 198, *lv dismissed* 75 NY2d 765).

Weiss, P. J., Mikoll, Levine and Mahoney, JJ., concur. Ordered that the order is affirmed, with costs.