OPINION OF THE COURT
 

 Titone, J.
 

 Social Services Law § 392 provides for judicial review of the status of children in foster care at 18-month intervals. The issue presented in this appeal is whether this 18-month review procedure applies to the offspring of children living in agency-
 
 *776
 
 sponsored foster care. In view of the purposes and policies underlying section 392 review, we conclude that the procedure is inapplicable to those offspring who live with their minor parents and who, as a result of recently promulgated State Social Services regulations, remain in their parents’ legal custody.
 

 The origin of this controversy lies in a fundamental change in the regulations governing the treatment of the children of children in foster care. Before 1993, Federal statutes and State regulations required that any child in foster care be formally placed in the custody of the State or the supervising agency as a condition to receiving reimbursement under the foster care program (42 USC §672 [a] [1], [2], [3]; [b]; 18 NYCRR 427.2 [a], [former (c)] [2], [3]). This requirement created a dilemma in situations where a child residing in foster care had a child. In such situations, foster care subsidy was available for the child only if the minor parent voluntarily agreed to surrender legal custody of the child to the agency providing the care. The agency could then place the child and the minor parent in the same foster home or residential facility and furnish reimbursed financial support for both of them.
 

 In 1993, the State Social Services Commissioner promulgated new regulations to reflect changes in the Federal reimbursement scheme. Under these new regulations, when a child is born to a minor in foster care, the Commissioner of Social Services is authorized and, in fact, encouraged, to place the minor parent and child in the same foster care facility
 
 (see,
 
 18 NYCRR 430.10 [b] [4], [5]). A transfer of custody is no longer necessary and the Commissioner may make foster care payments on behalf of both the minor parent and the child, even though the child has remained in the legal custody of its parent (18 NYCRR 426.2 [c]; 426.3 [i]).
 

 Shaina B. and Stephanie C., the two children who are the subjects of the present appeal, were born to minor children in foster care at a time when the pre-1993 regulations were in effect. Pursuant to the requirements of those regulations, petitioners, the minor parents of these two children had voluntarily surrendered custody to the New York City Commissioner of Social Services so that the children could be “placed” in foster care and the family units could be maintained intact in the same foster care setting. When the regulations governing the children’s placements changed in 1993,
 
 *777
 
 the Commissioner and minor parents agreed that the existing custodial arrangements would be terminated and that legal custody would revert to the parents. The children’s current living arrangements remained the same, and they continued to receive financial support through the foster care program.
 

 As a result of the change in the children’s custodial situation the Commissioner moved in Family Court for an order authorizing the withdrawal of the petitions he had previously filed pursuant to Social Services Law § 392 for review of Shaina B.’s and Stephanie C.’s foster care status. The motion was promptly opposed by the Law Guardian representing the children on the ground that they were still in foster care and, accordingly, the procedures mandated by section 392 were still applicable to them. Family Court rejected this argument and granted the Commissioner’s motion to withdraw, noting that "[t]he Commissioner has always had a right to discharge a child to a parent without court approval” and that there was nothing inherently or legally objectionable about providing financial support for the children’s familial arrangement without judicial review. The Appellate Division affirmed, and this Court granted the Law Guardian leave to take a further appeal. We now affirm.
 

 Social Services Law § 392 (2) provides that "[w]here an authorized agency determines that a child will remain in foster care for a continuous period of eighteen months, * * * a petition to review the foster care status of such child” must be filed. "Child” as used in the statute means "a child under the age of eighteen years for whom an authorized agency is providing foster care,” and "foster care” is defined as "care provided a child in a foster family free or boarding home [or other enumerated facility]” (Social Services Law § 392 [1] [a], [b]). The term "authorized agency” means those organizations listed in Social Services Law § 371 (10) which are permitted to "place out” or "board out” children.
 

 The Law Guardian argues that these definitional provisions are broad enough to encompass the two children who are the subjects of this appeal, since they are both under 18 and being cared for in a foster care facility. Based on the language of these provisions, the Law Guardian contends that a child’s entitlement to judicial review stems from his or her maintenance and support in a foster care setting rather than on the existing arrangements for legal custody. Thus, the Law Guardian asserts, the transfer of custody from the Commissioner
 
 *778
 
 back to the children’s biological parents does not relieve the Commissioner of his obligation to petition for section 392 review.
 

 Whatever appeal this argument might have, it is belied by the purpose of Social Services Law § 392, as well as by the statute’s over-all design, which indicates a legislative intent to address only those situations in which the child is not living in the care and custody of a biological or adoptive parent. For example, the statute provides for notice to "the child’s parent or guardian
 
 who transferred the care and custody of such child * * * to an authorized agency”
 
 (Social Services Law § 392 [4] [d] [emphasis supplied]), but makes no specific provision for notice to a parent who has retained legal custody. Further, the statute enjoins the reviewing court to consider such factors as "the appropriateness of the plan” for permanency, the "services * * * offered to strengthen and
 
 re-unite
 
 the family,” the efforts made "to make it possible for the child to return to his or her home,” the alternatives that are available "where return home of the child is not likely” and the services provided to expedite permanency where the child is free for adoption (Social Services Law § 392 [5-a] [a]-[e], [g] [emphasis supplied];
 
 see,
 
 Social Services Law § 409-e).
 

 Even more critically, none of the authorized dispositions in which a section 392 proceeding may culminate pertain to situations where legal custody already rests with the biological parent. Four of the seven authorized dispositions concern situations in which parental rights have been terminated and the child has been freed for adoption (Social Services Law § 392 [6] [d]-[g]). Two others address situations in which the care and custody of the child have been transferred to an authorized agency. In those situations, the court may either direct the child’s return to the parent or order the appropriate authorized agency to petition for termination of parental rights (Social Services Law § 392 [6] [b], [c]). Since these six dispositional alternatives are irrelevant where the child is already in the care and custody of his or her minor parent, the only possible outcome of a section 392 review proceeding in such cases would be the sole remaining disposition authorized by subdivision (6), i.e., to preserve the status quo by continuing the foster care placement. Manifestly, the Legislature could not have intended to mandate the conduct of a judicial review proceeding that could lead to only one result, since the entire proceeding would then be nothing more than a futile exercise.
 

 
 *779
 
 Even if the statutory design left any lingering doubt about the applicability of section 392 review here, that doubt would be dispelled by an examination of the statute’s underlying purpose. Enacted in 1970 (L 1970, ch 742) and clarified in 1971 (L 1971, ch 97), Social Services Law § 392 was intended to reform the existing State foster care system by guaranteeing that all children within that system would have their cases subjected to regular judicial oversight. Before the introduction of judicial review, thousands of children were left to languish indefinitely in temporary foster care placements, with little effort made to move them into permanent home situations, whether through adoption or return to their biological families (Pisani, Sponsor’s Mem for Assembly Bill A 5257, reprinted in 1970 NY Legis Ann, at 32-33;
 
 see,
 
 Carrieri, Practice Commentaries, McKinney’s Cons Laws of NY, Book 52A, Social Services Law § 392, at 693). It was thought that mandating judicial review at regular intervals would ensure that no child would "fall between the cracks” and that the need for permanency planning for
 
 every
 
 child would no longer be neglected
 
 (see,
 
 Pisani,
 
 op. cit.;
 
 Carrieri,
 
 op. cit.,
 
 at 693). The ultimate goal was to increase and accelerate the flow of children from the foster care system into permanent homes
 
 (see generally, Matter of Dale P.,
 
 84 NY2d 72, 77). Obviously, where, as here, a child is already living in the care and custody of a biological parent, the goal of permanency is satisfied. Thus, judicial review under section 392 is unnecessary.
 

 Finally, we are not persuaded by the Law Guardian’s policy arguments, which are based on a concern about the lack of judicial supervision for this "new class” of at-risk children, i.e., the children of children in foster care. The short answer is that section 392 is not aimed broadly at ensuring judicial supervision of all aspects of foster care placements. Rather, it was adopted with the substantially narrower goal of making authorized agencies accountable to the courts for their activities in connection with their obligation to move foster children into permanent homes.
 

 We note that, contrary to the arguments made here, our decision does not leave children such as Shaina B. and Stephanie C. without any protection from what the Law Guardian characterizes as "a dangerous and chaotic life in foster care.” Under the applicable regulations, the individual children and their minor parents are treated as a family unit for purposes
 
 *780
 
 of financial support, case planning and preventive services
 
 (see,
 
 18 NYCRR 423.4 [g] [2]; 428.2 [e] [3]). Accordingly, these children receive the full range of supervision, assessment, documentation and other social work services that are available to their parents (18 NYCRR 428.1 [c]; 428.3 [a], [b] [3]; 428.6 [b]; 428.7 [b]; 428.8 [b]). To the extent that there is concern that a particular child is being neglected or abused in the foster care placement, the supervising agency can take whatever remedial steps are necessary, including making an appropriate petition under article 10 of the Family Court Act. To the extent that the agency itself is not fulfilling its responsibility to secure a permanent living situation for the family unit, that problem will inevitably be addressed through the section 392 review of the minor parent’s foster care status. Hence, there exist adequate alternative methods of addressing the concern raised by the Law Guardian that children will now be "lost” in foster care.
 

 For all of the foregoing reasons, we conclude that the City Social Services Commissioner had no obligation to pursue judicial review under Social Services Law § 392 once the care and custody of Shaina B. and Stephanie C. was transferred back to their minor parents. Thus, there was no error in the decision of the courts below to permit the Commissioner to withdraw the review petitions.
 

 Accordingly, the order of the Appellate Division, insofar as appealed from, should be affirmed, without costs.
 

 Judges Simons, Bellacosa, Smith, Levine and Ciparick concur; Chief Judge Kaye taking no part.
 

 Order, insofar as appealed from, affirmed, without costs.