■ In the Matter of SARA KK., a Child Alleged to be Abused. ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DAVID NN., Appellant. [640 NYS2d 328] —White, J. Appeal from an order of the Family Court of St. Lawrence County (Nelson, J.), entered November 22, 1994, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate respondent's child to be abused.

Respondent was accused of sexually abusing his daughter during a visitation in the spring of 1990 when she was seven years old. The child did not confide in anyone about the attack until 1993 when this abuse proceeding was commenced. On the first day of the fact-finding hearing, the child provided detailed testimony establishing the elements of the crime of sexual abuse in the first degree. After the child's testimony, the hearing was adjourned to March 9, 1994. Respondent did not appear on that date, having absconded from a related criminal proceeding, and respondent's attorney rested after Family Court denied her request for an adjournment. Family Court then proceeded to find that respondent had sexually abused his daughter and adjudged her to be an abused child. It also relieved respondent's attorney from further representation of him and scheduled the matter for a dispositional hearing. That hearing was not held until June 27, 1994, having been adjourned five times so that respondent could retain an attorney. Although respondent was unrepresented, Family Court proceeded with the dispositional hearing on June 27, 1994, issuing an order under Family Court Act § 1057 placing respondent under supervision of petitioner and an order of protection directing respondent, *inter alia*, not to have any contact or visitation with the child.*

Respondent maintains that his attorney's representation was ineffective due to her failure to cross-examine and impeach the child's testimony with the statements she made to the validator and for failing to call his mother to testify. We cannot fault counsel's decision not to utilize the validator's report since the information contained therein is more damaging to

---

* The order of protection has been extended to June 27, 1996.

respondent than helpful (*see, People v Garcia*, 187 AD2d 868, 869, *lv denied* 81 NY2d 885). Further, respondent has not shown that the decision not to call his mother deprived him of a fair trial since his attorney's claim that respondent's mother "may have contradicted" the child's testimony is pure speculation. Thus, viewing the evidence, the law and the circumstances of this case in totality and as of the time of representation, we conclude that respondent was provided with meaningful representation and accordingly reject his argument that he was denied effective assistance of counsel (*see, People v Flores*, 84 NY2d 184, 187; *Matter of Ashley AA.*, 212 AD2d 937, 939; *Matter of Karen PP. v Clyde QQ.*, 197 AD2d 753, 754).

Respondent next contends that Family Court erred in proceeding with the dispositional hearing while he was unrepresented by counsel. Absent a clear abuse of discretion, we have consistently refrained from intervening in adjournment matters (*see, Gramma v Gramma*, 161 AD2d 899). Taking into account the fact that respondent had over two months within which to retain an attorney, Family Court's decision not to grant a sixth adjournment was not an abuse of discretion particularly since respondent failed to demonstrate good cause for his failure to obtain representation (*see,* Family Ct Act § 1048 [a]). Thus, we find respondent's contention to be meritless.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, without costs.