■ In the Matter of Maureen A. Kappel, Respondent, v Dominick Kappel, Appellant. [651 NYS2d 682] —Peters, J. Appeals (1) from an order of the Family Court of Columbia County (Czajka, J.), entered June 12, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 8, for an order of protection, and (2) from an order of said court, entered October 18, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 8, to find respondent in violation of the order of protection and revoked respondent's firearms permit.

Petitioner and respondent separated in 1994, with petitioner apparently receiving custody of the parties' minor child. In March 1995, petitioner commenced this proceeding seeking an order of protection. The application stemmed from an incident where respondent approached petitioner in his vehicle, followed her down a public street and yelled obscenities at her. Prior to the hearing on this matter, respondent sought recusal of the Family Court Judge pursuant to Judiciary Law § 14. Family Court denied that motion and, by order entered June 12, 1995, granted petitioner the requested order of protection.

In July 1995, petitioner filed a violation petition alleging that respondent violated the aforementioned order of protection by striking her during an exchange of custody. Respondent again unsuccessfully sought recusal of the Family Court Judge and a hearing ensued. Thereafter, by order entered October 18, 1995, Family Court extended its original order of protection for an additional three-year period and revoked respondent's firearms permit. These appeals by respondent followed.

Initially, we reject respondent's contention that the record fails to support the issuance of Family Court's June 12, 1995 order of protection. Petitioner commenced this proceeding pursuant to Family Court Act article 8 alleging that respondent harassed her (see, Family Ct Act § 821 [a]) and, as such, the relevant inquiry was whether the allegations contained in the petition were supported by a fair preponderance of the evidence (see, Family Ct Act § 832).

Petitioner testified that while she was walking outside her place of employment, she observed respondent's vehicle approach a nearby intersection. As petitioner turned and started walking down an alley, she heard a vehicle approach from behind. She testified that as the vehicle slowed down, respondent yelled obscenities at her through the vehicle's open window. Petitioner's uncle, who was parked near the intersection at the time of the incident, testified that he observed petitioner turn into the alley and that respondent drove down the alley a few seconds later. Although respondent denied seeing, much less harassing, petitioner on the day in question, this merely presented a credibility issue for Family Court to resolve. Simply stated, petitioner's proof was sufficient to establish, by a fair preponderance of the evidence, that respondent followed her in or about a public place and, as such, committed the family offense of harassment in the second degree (see, Penal Law § 240.26 [2]; Family Ct Act § 821 [a]). Accordingly, we perceive no basis upon which to disturb Family Court's issuance of the June 12, 1995 order of protection.

We reach a similar conclusion regarding Family Court's determination that respondent violated this order of protection by striking petitioner during an exchange of custody. Pursuant to Family Court Act § 846-a, Family Court is empowered to, inter alia, issue a new order of protection if, following a hearing, the court is satisfied, by "competent proof", that the respondent willfully failed to obey a prior order of the court (see, e.g., Matter of Louvaris v Louvaris, 209 AD2d 524). Again, that standard has been met here.

Petitioner testified that as she attempted to kiss her child goodbye during an exchange of custody, respondent slapped her across the face. A witness to this incident testified that although he did not see respondent's hand make contact with petitioner's body, he observed respondent raise his hand and petitioner's body "go back". Although respondent and his mother, who also witnessed the incident, denied that he struck petitioner, we defer to Family Court's determination of such issue as it had the advantage of assessing their credibility firsthand (see, Matter of Karcher v Byrnes, 232 AD2d 760).

Finally, respondent contends that Family Court erred in revoking his firearms permit. In this regard, Family Court Act § 846-a provides, in relevant part, that: "If the court determines that the willful failure to obey [a lawful] order [of the court] involves violent behavior constituting the crimes of menacing, reckless endangerment, assault or attempted assault and if such a respondent is licensed to carry, possess, repair and dispose of firearms pursuant to [Penal Law § 400], the court may also immediately revoke such license and may arrange for the immediate surrender and disposal of any firearm such respondent owns or possesses."

Here, at the conclusion of the September 18, 1995 hearing on the violation petition, Family Court found that respondent committed the family offense of harassment in the second degree by striking petitioner with the intent to harass, annoy and alarm her (*see*, Penal Law § 240.26 [1]; Family Ct Act § 821 [a]). No mention was made of an attempted assault and Family Court did not find that respondent struck petitioner with the intent to cause physical injury (*see*, Penal Law § 120.00).[1] As the record before us does not support a finding that respondent assaulted petitioner or that he attempted to do so by striking her with the intent to cause physical injury, and since harassment is not one of the enumerated grounds for revoking a firearms permit under Family Court Act § 846-a, we are constrained to conclude that Family Court's revocation of respondent's firearms permit was not authorized.[2] Respondent's remaining contentions, including his assertion that Family Court erred in denying his various recusal motions, have been examined and found to be lacking in merit.

Mikoll, J. P., Yesawich Jr. and Spain, JJ., concur. Ordered that the order entered June 12, 1995 is affirmed, without costs. Ordered that the order entered October 18, 1995 is modified, on the law, without costs, by reversing so much thereof as revoked respondent's firearms permit, and, as so modified, affirmed.

---

1. The issue of the attempted assault arose for the first time at the dispositional hearing conducted in October 1995.

2. After the decision of Family Court was rendered, the Laws of 1996 (ch 644) (eff Nov. 1, 1996) expanded the court's discretionary powers in these circumstances regarding suspension and revocation of firearms licenses.