■ In the Matter of MAUREEN CROCE, Respondent, v GERARD CROCE, Appellant. [653 NYS2d 188] —Spain, J. Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered March 28, 1995, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, for, *inter alia*, an award of counsel fees.

The parties were divorced on January 16, 1992; pursuant to the parties' separation agreement which was incorporated, but

not merged into the judgment of divorce, respondent was obligated to provide health insurance for his two minor children. In January, 1993 respondent, who was unemployed, moved to modify the judgment; thereafter petitioner agreed to pay $111 per month to respondent to defray the insurance cost. An order was entered in March 1993 which also directed an automatic reinstatement of the original provision of the divorce judgment regarding health insurance at such time as respondent became reemployed. Thereafter, in November 1993, respondent moved to have petitioner assume full responsibility for the health insurance on the grounds that his option under a COBRA plan would expire in February 1994. In response, petitioner filed a cross petition wherein she alleged that respondent failed to notify petitioner that he had resumed employment and sought an order directing reimbursement for the insurance premiums furnished by petitioner while respondent was employed, finding respondent in violation of the March 1993 order requiring reinstatement of payments upon reemployment, and granting counsel fees incurred in seeking enforcement of the order.

After a hearing at which a Hearing Examiner found that respondent had willfully violated the March 1993 order, respondent filed objections. Upon review Family Court set aside the Hearing Examiner's findings and remanded the matter to another Hearing Examiner for a hearing de novo limited to the issues raised in petitioner's cross petition. The new hearing was held in January 1995 wherein petitioner appeared with her attorney and respondent appeared *pro se*. The new Hearing Examiner determined that respondent was liable under the judgment of divorce for medical coverage for the parties' children, that respondent willfully violated the terms of the judgment of divorce by voluntarily disabling himself from providing insurance coverage by leaving his employment to attend community college, and that respondent was liable to petitioner and her attorney for $1,000 covering counsel fees incurred in the prosecution of the enforcement action. Respondent filed objections. Family Court denied respondent's objections and affirmed the determination of the Hearing Examiner. Respondent now appeals.

We affirm. Initially, we reject respondent's contention that the Hearing Examiner abused his discretion by denying respondent's request for an adjournment to obtain counsel after the commencement of the hearing. Applications for adjournments typically lie within the sole discretion of the trial court (*see, Matter of Anthony M.*, 63 NY2d 270, 283). More

importantly, since respondent requested counsel after the hearing had already begun, the decision to grant an adjournment in this case rested solely with the Hearing Examiner (*see, Matter of Popp v Raitano*, 167 AD2d 404, 406); appellate courts are not inclined to intervene without a showing that there was a clear abuse of discretion (*see, Matter of Sara KK.*, 226 AD2d 766, 767, *lv denied* 88 NY2d 808; *Gramma v Gramma*, 161 AD2d 899). Respondent testified that he received a copy of Family Court's November 1994 decision which stated that the matter was being remanded for a hearing de novo on petitioner's cross petition. The record further reveals that respondent received a minimum of two letters regarding the scheduling of the hearing. Moreover, at the beginning of the hearing respondent stated that he would not be represented by counsel. The record contains clear and convincing evidence that respondent waived his right to counsel and elected to proceed *pro se*; the record also supports the conclusion that the Hearing Examiner gave respondent ample opportunity to present evidence and to cross-examine witnesses.

Finally, we conclude that Family Court did not err in affirming the grant of counsel fees to petitioner. Domestic Relations Law § 237 (c) states that when a party fails to pay in accordance with an order of support, counsel fees shall be awarded "upon a finding that such failure was willful" (*see, Markhoff v Markhoff*, 225 AD2d 1000, 1002, *lv denied* 88 NY2d 807; *see also*, Domestic Relations Law § 237 [c]). Whether nonpayment in violation of an order is willful "is shown by proof that the defaulting party has the ability to pay but did not do so" (*Matter of Fierro v Fierro*, 211 AD2d 676, 678); further, evidence of willfulness must be shown by clear and convincing evidence (*supra*, at 678). Here, the record reveals that respondent was employed from March 1993 until December 1993 and failed to make the requisite payments during that period; his failure to pay while gainfully employed was prima facie evidence of his willfulness (*see, Matter of Sands v Sands*, 105 AD2d 788, *lv dismissed* 64 NY2d 604, 767). Respondent voluntarily terminated his employment and went back to school, thereby making his "unemployment" self-imposed; further, the record is devoid of any evidence that this period of unemployment was due to a disability as alleged by respondent during the hearing.

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.