■ In the Matter of TINA T., Respondent, v STEVEN U., Appellant. [663 NYS2d 307] —Spain, J. Appeal from an order of the Family Court of Albany County (Tobin, J.), entered May 28, 1996, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 8, to find respondent in violation of a prior order of protection.

An order of protection was issued by Family Court in favor of petitioner on March 26, 1996, wherein respondent was directed to "stay away from" petitioner and her home and "[r]efrain from assault, harassment, menacing, reckless endangerment, disorderly conduct, intimidation, threats or any criminal offense" against petitioner. On May 9, 1996, petitioner commenced this proceeding in Family Court accusing respondent of violating the order of protection; the parties were present in court on that day to conclude a paternity hearing and it is undisputed that respondent was served with the violation petition. Family Court scheduled a hearing for the next day; on the following day a motion by respondent's counsel for an adjournment, to prepare and conduct discovery, was denied and Family Court commenced the hearing. Following a recess in the hearing, Family Court permitted petitioner to orally amend the petition to allege a violation of the order of protection stemming from an alleged remark uttered by respondent to petitioner in the hallway during the recess. At the conclusion of the hearing, wherein petitioner, respondent and a court attendant testified, Family Court rendered a bench decision finding that respondent had wilfully violated the order of protection three times, including the incident during the recess, and issued a new order of protection and sentenced respondent to spend a weekend in jail. Respondent appeals.

We affirm. Initially, we reject respondent's contention that Family Court committed reversible error when it failed to grant his request for an adjournment. "Applications for adjournments typically lie within the sole discretion of the trial court" (*Matter of Croce v Croce*, 236 AD2d 646, 647; see, *Matter of Anthony M.*, 63 NY2d 270, 283). Here, the record reveals that petitioner's counsel indicated a concern for petitioner's safety and therefore requested that a hearing on the allegations in the petition be

scheduled as quickly as possible; the matter was scheduled, without objection, for the following day. In our view, Family Court's inability to ensure petitioner's safety without a finding at a hearing, as well as respondent's failure to initially object to the scheduling, support Family Court's decision to set a quick hearing date; accordingly, we will not disturb the trial court's determination denying respondent's request for an adjournment (*see, Matter of Sara KK.*, 226 AD2d 766, 767, *lv denied* 88 NY2d 808). Respondent's assertion that this proceeding was a contempt proceeding subject to the provisions of the Judiciary Law is without merit (*see,* Family Ct Act § 846-a).

Next, we reject respondent's contention that Family Court committed reversible error when it allowed petitioner to present evidence and amend the petition with respect to the recess incident. After petitioner rested, Family Court granted a recess; during the recess petitioner allegedly overheard respondent tell his counsel "if you think she's scared of me now, wait until later". When the hearing resumed, respondent testified and denied making the statement. A court attendant testified that he heard respondent, who was looking directly at petitioner as he spoke, make the statement to his counsel. Based upon the court attendant's testimony, petitioner moved to amend the petition to allege an additional violation of the order of protection; there was no objection and Family Court granted the motion. It is well established that Family Court is vested with the discretion to decide whether to permit a pleading to be amended (*see, Yoba v Yoba*, 183 AD2d 418). In our view, respondent was neither surprised nor prejudiced by allowing the amendment and permitting the alleged violation to be addressed immediately (*see, Matter of Michelle S.*, 195 AD2d 721, 722); the witnesses for both sides were accessible and had just observed the event.

Finally, we reject respondent's contention that petitioner failed to meet her burden of proof that he wilfully violated the order of protection. In any Family Court Act family offense proceeding in which a party's failure to comply with a lawful order of protection is alleged, if Family Court "is satisfied by competent proof that the respondent has wilfully failed to obey any such order", it may punish such disobedience by imposing a jail sentence not exceeding six months (Family Ct Act § 846-a; *see, Matter of Kappel v Kappel*, 234 AD2d 872). A determination that a party violated a prior order of protection will be upheld if it is supported by a fair preponderance of the evidence (*see,* Family Ct Act § 832; *Matter of Maryanne PP. v Richard QQ.*, 192 AD2d 747). In reviewing conflicting evidence, Family

Court is accorded deference as that court was able to assess the witnesses' credibility firsthand (*see, Matter of Karcher v Byrnes,* 232 AD2d 760).

In the instant matter the evidence revealed that on May 2, 1996, petitioner was returning home with her children when she saw respondent approximately 100 feet away; when he continued to approach, petitioner testified that she became scared and attempted to avoid him by leading the children off the sidewalk and into the street behind some parked cars. Petitioner testified that respondent continued to approach her and the children to the curb and, while laughing, told their four-year-old that "he was going to have to beat up mommy" and that he loved him. Petitioner also testified that respondent was approximately two car lengths from her and the children at this point and that two of the children became frightened, one child was crying and the boy to whom respondent had spoken became angry. Respondent admitted that he encountered petitioner and the children, but explained that it was merely a coincidence. Although he claimed that he never broke his gait and denied doing anything more than saying hello to his children, this conflict in testimony merely presented a credibility issue for Family Court to resolve (*see, Matter of Kappel v Kappel, supra*). In our view, the record supports Family Court's finding, based on competent evidence, that the violations were wilful.

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.