■ In the Matter of NIKOLE B., a Child Alleged to be Abused. SCHOHARIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHARLES B., Appellant. (And Another Related Proceeding.) [692 NYS2d 807] —Peters, J. Appeal from an order of the Family Court of Schoharie County (Bartlett, III, J.), entered March 19, 1998, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to hold respondent in violation of a prior order of the court.

In October 1996, respondent, paramour of Nikole B.'s biological mother, was alleged to have sexually abused the child. Family Court issued a temporary order of protection directing him to have no contact with her. This temporary order of protection was converted into a permanent order upon consent. Thereafter, in March 1997, Family Court found Nikole to be an abused child. An order of supervision placed her and her mother under the supervision of petitioner for a period of one year and directed that her mother prohibit contact between respondent and Nikole. The order of disposition repeated this directive.

As a result of a meeting initiated by respondent on June 23, 1997, petitioner's caseworker, Linda Sue Bennett, was informed that Nikole's mother had been bringing the child to respondent's house "all along", yet specifically identified such contacts on June 18, 21 and 22, 1997. Holly Auserehl, another caseworker for petitioner, was present at such meeting and witnessed the disclosure. Based thereon, petitioner filed a violation petition on July 22, 1997 against both respondent and Nikole's mother.

A nine-day fact-finding hearing addressed both petitions. During the course thereof, petitioner was permitted to amend the petition to the extent of expanding the dates "from December 1996 until July of 1997". Family Court concluded

petition which sought a modification of his support obligation on the basis of unemployment.

that both respondent and Nikole's mother had "willfully, knowingly, consciously, and without just cause violated the pertinent orders", warranting the imposition of separate 30-day jail sentences. Respondent appeals.*

Our review, in a matter of this kind, is to determine whether a fair preponderance of the evidence supports the determination that a party violated a prior order of protection (*see, Matter of Tina T. v Steven U.*, 243 AD2d 863, 864, *lv denied* 91 NY2d 805; *see, Matter of Maryanne PP. v Richard QQ.*, 192 AD2d 747, 748). We find that Family Court properly assessed the witnesses' credibility, having viewed their demeanor on a first-hand basis, and find no basis upon which we would decline to accord the trial court's findings due deference (*see, Matter of Tina T. v Steven U.*, *supra*, at 864-865; *Matter of Maryanne PP. v Richard QQ.*, *supra*, at 748). The testimony of both Bennett and Auserehl detailing the disclosure made by respondent in their presence was confirmed by others. Testimony from Henry Bender and Pamela Bender, with whom Nikole resided from approximately April 1997 to October 1997, as well as that from Oliver Miller and his paramour Orella Atwood, confirmed respondent's contact with Nikole and her mother on more than one occasion during the relevant period. Even acknowledging that respondent had testified that he had fabricated the disclosure in a feat of revenge and that the testimony of his mother, his two daughters, Nikole's mother and maternal grandmother all support his contention, we defer to the resolution of such conflicting testimony by Family Court and find that there exists a fair preponderance of evidence to support its determination.

Turning to the amendment of the petition, Family Court Act § 1051 (b) allows such amendment so long as a reasonable time to prepare and answer is given. Since our review of the record fails to demonstrate that respondent was either surprised or prejudiced as a result of such amendment (*see, Matter of Tina T. v Steven U.*, *supra*; *Matter of Michelle S.*, 195 AD2d 721), we find no abuse of discretion (*see, Matter of Tina T. v Steven U.*, *supra*).

We similarly reject respondent's contentions of prejudice premised upon petitioner's alleged failure to comply with discovery. With the record indicating that proper demand was not made upon petitioner, that an attempt at correction was sent by facsimile on the eve of trial and that Family Court made numerous allowances to recall witnesses and had granted additional time to prepare, no prejudice was shown.

---

* Nikole's mother withdrew her appeal.

Having reviewed and rejected all remaining contentions, we affirm Family Court's order in its entirety.

Cardona, P. J., Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.