■ In the Matter of MEGAN G., a Child Alleged to be Abused. JEFFERSON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RONALD F. G., Appellant. (Appeal No. 1.) [698 NYS2d 375] —Order unanimously affirmed without costs. Memorandum: Respondent appeals from an order of fact-finding and disposition determining, following a hearing, that respondent had sexually abused his daughter Megan. Family Court did not abuse its discretion in denying the motion for an examination of Megan by respondent's expert (see, Matter of Jessica R., 78 NY2d 1031, 1033-1034; Matter of Stephanie A., 224 AD2d 1027, 1028, lv denied 88 NY2d 814; Matter of Diana D., 218 AD2d 697, 697-698). Upon our review of the record, we conclude that the finding of abuse is supported by a preponderance of the evidence (see, Family Ct Act § 1046 [b] [i]; Matter of Philip M., 82 NY2d 238, 243-244; Matter of Nicole V., 71 NY2d 112, 117). Megan's out-of-court statements were sufficiently corroborated by the validation testimony of petitioner's expert witness (see, Family Ct Act § 1046 [a] [vi]; Matter of Jaclyn P., 86 NY2d 875, 878, cert denied sub nom. Papa v Nassau County Dept. of Social Servs., 516 US 1093; Matter of Nicole V., supra, at 121; Matter of Heather P., 233 AD2d 912). (Appeal from Order of Jefferson County Family Court, Morgan, J.—Abuse.) Present— Denman, P. J., Hayes, Hurlbutt, Scudder and Balio, JJ.

■ In the Matter of KIMBERLY A. K., Respondent, v RONALD F. G., Appellant. (Appeal No. 2) [697 NYS2d 790] —Order unanimously affirmed without costs. Memorandum: Petitioner established by a fair preponderance of the evidence that respondent, by engaging in acts that constitute harassment in the second degree (Penal Law § 240.26 [3]), willfully violated a prior order of protection (see, Matter of Tina T. v Steven U., 243 AD2d 863, 864, lv denied 91 NY2d 805; Matter of Boyd v Boyd, 193 AD2d 1039, 1040; Matter of Maryanne PP. v Richard QQ., 192 AD2d 747, 748). "[I]n view of Family Court's advantage of hearing the witnesses, its credibility determinations are not to be lightly set aside" (Matter of Maryanne PP. v Richard QQ., supra, at 748). (Appeal from Order of Jefferson County Family Court, Morgan, J.—Family Offense.) Present— Denman, P. J., Hayes, Hurlbutt, Scudder and Balio, JJ.