■ In the Matter of MICHELLE D. EISELE, Respondent, v LEO J. EISELE, JR., Appellant. (And Two Other Related proceedings.) [761 NYS2d 738] —Carpinello, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered July 10, 2002, which, inter alia, granted petitioner's applications, in three proceedings pursuant to Family Ct Act article 8, to find respondent in violation of an order of protection and a temporary order of protection and imposed upon respondent a 150-day term of incarceration.

Petitioner and respondent, now divorced, are the parents of four children. Following a hearing on August 21, 2001, respondent was found to have violated various prior orders of protection issued in favor of petitioner and was ordered incarcerated. On the date of the hearing, Family Court issued a second modified order of protection which, among other things, prohibited respondent from having contact with petitioner except to the extent necessary to address certain parenting issues related to their youngest child. The order was to remain in effect until January 31, 2002. Upon respondent's release from jail, the parties attempted reconciliation to no avail. During this time, they had personal and telephone contact with one another. On October 11, 2001, petitioner sent respondent a letter advising him that she wished to have no further contact and that she would enforce the existing order of protection. Respondent apparently discarded the letter.

Thereafter, a number of incidents occurred during which respondent initiated contact with petitioner, both in person and by telephone, without her consent. On January 18, 2002, she filed two petitions, one seeking an extension of the August 21, 2001 order of protection and a second alleging a violation of the same. On that date, Family Court issued an ex parte temporary order of protection which, among other things, forbade respondent from coming within 100 feet of petitioner's

home or workplace. On February 19, 2002, petitioner filed a third petition alleging that respondent violated the temporary order of protection by coming to her place of employment on February 14, 2002. Following a hearing, Family Court found respondent in contempt for his willful violation, in a number of respects, of the August 21, 2001 and January 18, 2002 orders and imposed concurrent 150-day terms of incarceration for each violation. The court further extended the August 21, 2001 order for an additional three years. Respondent appeals.

Initially, Family Ct Act § 846-a provides, in pertinent part, that "[i]f a respondent is brought before the court for failure to obey any lawful order * * * and, if, after hearing, the court is satisfied by competent proof that the respondent has willfully failed to obey any such order, the court may * * * commit the respondent to jail for a term not to exceed six months" (*see Matter of Leighton-Ryan v Ryan*, 274 AD2d 775, 776 [2000]; *Matter of Kappel v Kappel*, 234 AD2d 872, 873 [1996]). "A determination that a party violated a prior order of protection will be upheld if it is supported by a fair preponderance of the evidence" (*Matter of Tina T. v Steven U.*, 243 AD2d 863, 864 [1997], *lv denied* 91 NY2d 805 [1998] [citations omitted]; *see Matter of Nikole B.*, 263 AD2d 622, 623 [1999]). In making such a determination, Family Court's assessment of witness credibility is entitled to deference (*see Matter of Tina T. v Steven U., supra* at 864-865; *Matter of Kappel v Kappel, supra* at 873).

Based upon our review of the record, we reject respondent's claim that the evidence does not support Family Court's finding that he willfully violated the orders of protection at issue. Petitioner testified to specific incidents on November 24, 2001, November 25, 2001, December 5, 2001, December 14, 2001 and February 14, 2002 during which respondent called her at her home, used the parties' children to initiate contact, approached her at the children's school activities, as well as a bowling alley, and even came to her place of employment. Petitioner described respondent's conduct as abusive during some of these instances. In addition, she recounted numerous times between late October 2001 and early January 2002 when respondent approached her car while she was outside the school picking up their youngest daughter. Some of the events related by petitioner were corroborated by individuals who witnessed them. Although respondent claimed that petitioner was the one who initiated the contact, Family Court was free to reject this testimony. Upon the record as a whole, we find Family Court's determination that respondent willfully violated the

orders of protection is supported by a fair preponderance of the evidence.

Mercure, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.