■ In the Matter of TA FON EDWARD J.B. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; SELINA S., Appellant. (Proceeding No. 1.) In the Matter of ALEXIS SHYMAE B. ADMINISTRATION FOR CHILDREN'S SERVICES et al., Respondents; SELINA S., Appellant. (Proceeding No. 2.) [774 NYS2d 821]—

In two related proceedings pursuant to Social Services Law § 384-b to terminate parental rights on the ground of permanent neglect, the mother appeals, by permission, from an order of the Family Court, Kings County (Turbow, J.), dated September 18, 2003, which denied her motion to dismiss the petitions.

Ordered that the order is affirmed, without costs or disbursements.

The appellant mother was herself a ward of the petitioner Administration for Children's Services (hereinafter ACS). She moved to dismiss the petitions to terminate her parental rights to the subject children who were placed by ACS with one of its contracting agencies, the petitioner Little Flower Children's Services. The Family Court denied the motion, rejecting her claim that by commencing a proceeding to terminate her parental rights, ACS violated, inter alia, its constitutional, statutory, and fiduciary obligations to act in her best interests. We agree with the Family Court.

Contrary to the mother's contention, ACS is not precluded from prosecuting a permanent neglect proceeding against a parent who was in foster care under its jurisdiction (*see* Social Services Law §§ 384-b, 397 [2] [b], [c]; § 398 [2] [a], [b]; *Matter of Tyriek W.*, 85 NY2d 774 [1995]; *Matter of Lawrence Children*, 1 Misc 3d 156 [2003]). Nothing in the Family Court Act or the Social Services Law lessens, increases, or otherwise changes the responsibilities of either ACS or its contract agencies when

faced with caring for the offspring of a foster child. Ritter, J.P., H. Miller, Goldstein and Mastro, JJ., concur.