■ In the Matter of MILTON S. BIRCH, Appellant, v JACKIE SAYEGH, Respondent. (And Three Other Related proceedings.) [779 NYS2d 310]—

Kane, J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered October 11, 2002, which, inter alia, granted respondent's applications, in four proceedings pursuant to Family Ct Act articles 6 and 8, to modify a prior order of custody and/or visitation and to hold petitioner in violation of a prior order of protection.

The parties, who are the parents of two children, obtained a judgment of divorce incorporating a stipulation and opting-out agreement which awarded the mother sole custody and provided visitation for the father. Concomitant with the judgment of divorce, Supreme Court issued an order of protection against the father which provided that the father not harass the mother and that he stay away from and not communicate with her, except regarding issues related to custody and visitation. On March 15, 2001, Supreme Court extended the duration of the order of protection. After further proceedings in Family Court, the parties entered into a July 2001 stipulation. The stipulation modified visitation, contained a section on appropriate behavior and permissive contact between the parties, and reserved judgment on the mother's request for counsel fees pending the father's future compliance with the order.

On April 1, 2002, the father telephoned the mother to inform her of his father's death and request that he be permitted to take the children to Maryland to attend their grandfather's funeral, which was scheduled for April 6, 2002. The mother refused to consent to allow him to begin his visitation until April 4, 2002, so the children would not miss excessive days of school. On April 2, 2002, school officials contacted the mother because the father attempted to pick up the children. She refused to allow him to take the children at that time. On April 3, 2002, the father telephoned the mother at work and told her that he would be dropping off a letter regarding the visitation modification for her signature. She specifically told him not to personally bring the letter to her office. Nevertheless, the father appeared at the mother's office and demanded that she sign the letter. After the mother asked him to leave and her coworker directed the father outside, he ran back into her office to plead with her again. The coworker then escorted him out of the building. On April 4, 2002, the mother signed her own version of a

modification agreement and allowed the father to take the children.

On April 3, 2002, the father filed a petition for modification of visitation and then an amended petition alleging various substantive violations of an earlier order. Shortly thereafter, the mother filed petitions for modification of visitation and alleging violation of the order of protection and the father thereafter filed a cross petition. Following a hearing, Family Court granted both of the mother's petitions. The father now appeals from portions of the court's order finding him in violation of the order of protection and awarding the mother counsel fees for these proceedings and the 2001 proceedings upon which the court had reserved judgment.

Family Court's determination that the father violated the order of protection is supported by the record. Giving deference to the court's assessment of witness credibility, we will not disturb a determination that a party violated a prior order of protection if it is supported by a fair preponderance of the evidence (*see Matter of Eisele v Eisele,* 307 AD2d 412, 413 [2003]; *Matter of Tina T. v Steven U.,* 243 AD2d 863, 864-865 [1997], *lv denied* 91 NY2d 805 [1998]). Although the March 15, 2001 order of protection allowed the father to contact the mother regarding issues of visitation, it prohibited him from harassing her. The court did not rule that he violated the stay-away provision of the order, but that his manner of contact with the mother constituted harassment. When the father called her on April 3, 2002, she specifically advised him not to come to her place of employment and provided a reasonable alternative of faxing his proposed agreement. Her terms of allowing the father to have visitation early but not until Thursday for a Saturday funeral were not unreasonable. Yet the father went to her office in an effort to intimidate her into signing his agreement. He used a loud voice and manner which scared her. Despite being asked to leave several times, he remained in her office demanding and pleading that she sign the agreement. After being escorted from the office by her coworker, the father ran back into her office and resumed his efforts to obtain her signature. He only left after being escorted outside the building by the coworker and informed that the police had been called. This course of conduct constituted harassment, in willful violation of the order of protection.

Based on the father's willful violation of the order of protection, Family Court had the authority to order him to pay the mother's reasonable counsel fees associated with the violation

proceeding (*see* Family Ct Act § 846-a).* While the court ordinarily should not rely on counsel's affirmation, but should determine the reasonable amount and nature of services through an adversarial hearing (*see Rogers v Rogers,* 161 AD2d 766, 767 [1990]), the issue was addressed at the hearing. The father did not object to the admission of counsel's affirmation as evidence at the hearing, did not question the mother on the counsel fees issue, and did not present any evidence of his own on that issue. Contrary to the father's argument that the court did not consider his ability to pay, the court had evidence of his financial circumstances through his appeal of his application for assigned counsel, which showed that he had a net monthly income of $1,500 after deducting taxes and child support. Additionally, the court discounted the mother's request by approximately 15% and gave the father six months to pay. Thus, the court did not abuse its discretion in its award of counsel fees.

Mercure, J.P., Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.

---

* Although counsel's submissions indicate that her bills intermingled time spent on the violation proceedings and the visitation proceedings, Family Court had the authority to award counsel fees in either type of proceeding (*see* Family Ct Act § 846-a; Domestic Relations Law § 237 [b]).