In the Matter of NURAYAH J. SUFFOLK COUNTY DEPART-
MENT OF SOCIAL SERVICES, Appellant; FAIZA J., Respondent. [839
NYS2d 97]—

In a child protective proceeding pursuant to Family Court Act
article 10, the petitioner appeals from an order of the Family
Court, Suffolk County (Sweeney, J.), entered October 4, 2006,
which, inter alia, dismissed the proceeding and determined that
the subject child is destitute as defined by Social Services Law
§ 371 (3).

Ordered that the order is affirmed, without costs or disburse-
ments.

The subject child was temporarily removed from the respon-
dent mother by the petitioner Suffolk County Department of
Social Services, upon consent (see Family Ct Act § 1021). The
respondent's consent and the subsequent removal occurred
while both the respondent and the child were in the hospital, a
few days after the birth of the child. The respondent was 16
years old at the time of the removal and was herself a foster
child. Within three days of the removal, the petitioner filed a
petition pursuant to Family Court Act article 10 alleging, inter
alia, that the respondent's history of behavioral problems and
prior misconduct placed the child at risk of neglect. After
dismissing the child protective proceeding on the ground that
the respondent's due process rights were violated by the
petitioner, inter alia, for noncompliance with Family Court Act
§ 1021, the Family Court placed the child with the petitioner,
finding that she was "destitute" as defined by Social Services
Law § 371 (3).

We find that the Family Court properly dismissed the proceed-
ing, albeit on a different ground than the ground relied upon by
the Family Court. Contrary to the Family Court's determina-
tion, the petitioner complied with Family Court Act § 1021 by
annexing to the petition the respondent's written consent to
temporary removal. The petitioner also provided the respondent
with written notice, inter alia, informing her when the petition
would be filed, whom to contact for visitation, of her right to a

hearing to request the return of the subject child, of her right to counsel, and whom to contact to obtain assigned counsel. Contrary to the respondent's contention, nothing in the Family Court Act or the Social Services Law lessens, increases, or otherwise changes the responsibilities of the petitioner when it is faced with caring for the offspring of a foster child (*see Matter of Ta Fon Edward J.B.*, 6 AD3d 611 [2004]; *Matter of Lawrence Children*, 1 Misc 3d 156, 163-164 [2003]).

However, as the petitioner failed to establish, prima facie, that the child was neglected by the respondent, the child protective proceeding was properly dismissed by the Family Court. The petitioner failed to offer any evidence to establish the allegations in the petition.

Contrary to the petitioner's contention, the Family Court providently exercised its discretion in denying its motion made during the inquest to conform the pleadings to the proof to include certain post-petition conduct of the respondent (*see* Family Ct Act § 1051 [c]). Under the circumstances, the respondent would have been unduly prejudiced by a granting of the motion (*cf. Matter of LeVonn G.*, 20 AD3d 530 [2005]; *Matter of Nikole B.*, 263 AD2d 622 [1999]).

Under the unique circumstances of this case, the Family Court did not err in finding that the child was destitute as defined under Social Services Law § 371 (3). Social Services Law § 398 (1) grants the petitioner "powers" and "duties" to "[a]ssume charge of and provide support for any destitute child who cannot be properly cared for in his home." A child is destitute when, through no neglect on the part of the parent, guardian, or custodian, he or she is (1) destitute or homeless, (2) in a state of want or suffering due to lack of sufficient food, clothing, or shelter, or medical or surgical care, (3) a person under the age of 18 years who is absent from his legal residence without the consent of his parent, legal guardian, or custodian, or (4) a person under the age of 18 who is without a place of shelter where supervision and care are available (*see* Social Services Law § 371 [3]). As the respondent is currently unable to provide the child with food, clothing, or shelter so that the child is in a state of want, the child is destitute.

The petitioner's remaining contention is without merit. Mastro, J.P., Covello, Angiolillo and Dickerson, JJ., concur.