Matter of Cheryl H. v Clement H. (2020 NY Slip Op 03072)





Matter of Cheryl H. v Clement H.


2020 NY Slip Op 03072


Decided on May 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2020

Friedman, J.P., Gische, Webber, Gesmer, Oing, JJ.


11566 O-27428-15/15C

[*1]In re Cheryl H., Petitioner-Respondent,
v
Clement H., Respondent-Appellant.


Diaz & Moskowitz, PLLC, New York (Hani M. Moskowitz of counsel), for appellant.



Order, Family Court, Bronx County (Tracey A. Bing, J.), entered on or about December 15, 2017, which, after a hearing, found that respondent husband violated a temporary order of protection and committed the family offense of harassment in the second degree (Penal Law § 240.26[1]), granted petitioner wife a two-year order of protection against respondent and directed him to pay petitioner's attorney's fees in the amount of $2,275, unanimously affirmed, without costs.
Petitioner established by a fair preponderance of the evidence that respondent willfully violated the temporary order of protection, by engaging in conduct which constituted harassment in the second degree (see Family Ct Act § 846-a; Matter of Tina T. v Steven U., 243 AD2d 863, 864 [3d Dept 1997], lv denied 91 NY2d 805 [1998]). Specifically, petitioner testified that in November 2015, respondent slapped her across the face after she refused to discuss reconciliation. There exists no basis to disturb Family Court's credibility determinations (see Matter of Everett C. V Oneida P., 61 AD3d 489 [1st Dept 2009]).
Based on respondent's willful violation of the temporary order of protection, the court providently exercised its discretion in awarding attorney's fees (see Family Ct Act § 846-a; Matter of Birch v Sayegh, 9 AD3d 514, 516-517 [3d Dept 2004]), especially in view of the court's finding that respondent was evasive and incredible as to his finances.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2020
CLERK