Matter of Madochee F. v Dieudonne M. (2023 NY Slip Op 02454)

Matter of Madochee F. v Dieudonne M.

2023 NY Slip Op 02454

Decided on May 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2023

Before: Renwick, A.P.J., Kapnick, Gesmer, Pitt-Burke, Higgitt, JJ. 

 Docket No. 0-06026/20 Appeal No. 198 Case No. 2021-03079 

[*1]In the Matter of Madochee F., Petitioner-Respondent,
v
Dieudonne M., Respondent-Appellant. 

Andrew J. Baer, New York, for appellant.
Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the children.

Order, Family Court, New York County (Jessica Brenes, Ref.), entered on or about August 20, 2021, which, after a fact-finding hearing brought under article 8 of the Family Court Act, found that respondent father committed the family offenses of assault in the third degree and harassment in the second degree and awarded petitioner mother a two-year order of protection directing the father to, among other things, stay away from her and the parties' children except for supervised parenting time, unanimously affirmed, without costs.
The father was not denied due process when Family Court granted the mother's request and conformed the petition to the proof adduced at the fact-finding hearing, as he had a full and fair opportunity to contest the mother's testimony (see CPLR 3025; Matter of Melinda B. v Jonathan L.P., 187 AD3d 631, 631 [1st Dept 2020]). Furthermore, there is no evidence in the record that the father was hindered in the preparation of his case (see Matter of Oksoon K. v Young K., 115 AD3d 486, 487 [1st Dept 2014], lv denied 24 NY3d 902 [2014]).
A fair preponderance of the evidence supports Family Court's finding that the father committed the family offense of harassment in the second degree (see Matter of Giovanni De M. v Nick W., 200 AD3d 517, 518 [1st Dept 2021]; Matter of Cheryl H. v Clement H., 183 AD3d 533 [1st Dept 2020]). The mother testified about three separate incidents between 2016 and 2020 in which the father slapped her, pushed her to the ground, kicked her, and hit her with a dust pan. We reject the father's claim that there was insufficient proof of his intent, since intent is fairly inferable from his actions (see Matter of Brooke A.D. v Rajiv D., 199 AD3d 407, 409 [1st Dept 2021]).
In addition, the mother's testimony that she was in pain and that her face and leg were swollen after the June 2020 incident is sufficient to establish that the father committed the family offense of assault in the third degree, as the mother's testimony concerning her injuries and resultant pain serves to establish the "physical injury" element of the offense (Penal Law § 120.00; see also People v Peters, 1 AD3d 270, 271 [1st Dept 2003], lv denied 1 NY3d 632 [2004]). The testimony also made clear that the mother's injury was not petty and rose past the level of mere "slight or trivial" pain (Matter of Genesis E.R. v Jarel E.R., 190 AD3d 504, 504 [1st Dept 2021] [internal quotation marks omitted]; see Matter of Martha B. v Julian P., 133 AD3d 418, 419 [1st Dept 2015]). That the mother did not seek medical treatment does not discredit her testimony, as medical treatment is only one of the factors to consider in determining whether a party has established physical injury (see People v Guidice, 83 NY2 630, 636 [1994]).
We find no basis to disturb the Referee's credibility determinations (see Matter of Everett C. v Oneida P., 61 AD3d 489, 489 [1st Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION[*2], FIRST DEPARTMENT.
ENTERED: May 9, 2023