■ In the Matter of TERRY S and Others, Alleged to be Neglected Children. LORRAINE S, Appellant; ST. LAWRENCE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent.—Appeal from an order of the Family Court of St. Lawrence County, entered August 11, 1975, which adjudged appellant's seven children to be neglected children and awarded custody of the children to respondent for a period of one year. On May 23, 1973, a petition charging appellant with neglect of her six oldest children under article 10 of the Family Court Act was filed in the Family Court of St. Lawrence County. At the time of the filing, appellant was divorced from her former husband, Stanley S, whom she had left in 1963, and was living with her paramour, Frank T, who had fathered certain of the children in question. Subsequently, a fact-finding hearing was conducted and the petition was amended in accordance with subdivision (b) of section 1051 of the Family Court Act to include a seventh child, Natasha S, who was unborn when the original petition was filed. In its decision, the Family Court determined that all seven children were neglected and, following a dispositional hearing, placed them in the custody of the Commissioner of Social Services as noted above. On this appeal, appellant initially contends that a preponderance of evidence does not support a finding that all seven children are neglected. We disagree. At the time of the fact-finding hearing, the house which the six oldest children were sharing with appellant and Mr. T had admittedly been without electricity for two months and thus had no working water supply or plumbing. Also, there was no furnace or refrigerator, and only a traveler's chest, which frequently had to be stocked with ice, was available to keep food from spoiling. There was further evidence of the repeated use of excessive force in the disciplining of some of the children, and teachers for certain of the school age children described them as nervous and emotionally disturbed. Moreover, appellant apparently took little interest in the children's education as she often kept them home from school without justification and made no effort to participate in parent-teacher conferences. Thus, while some of this evidence does not apply universally to all the children, even that relating to just one child is admissible on the question of the alleged neglect of the others (Family Ct Act, § 1046, subd [a], par [i]), and with regard to the six oldest children, the record plainly supports the finding of neglect as that term is defined in subdivision (f) of section 1012 of

the Family Court Act. Similarly, the court did not err in its finding of neglect as to the newly born Natasha. Appellant admitted to a social services caseworker that her household was not a fit place to raise the new baby, and nothing in the record indicates any improvement in the unsuitable living conditions described above. Additionally, the child has already been placed in voluntary foster care once and has had numerous visits to the hospital, and her doctor has expressed concern about her condition and development. Under such circumstances, it seems clear that Natasha's physical or emotional health is "in imminent danger of becoming impaired" (Family Ct Act, § 1012, subd [f]), and the court properly adjudged her a neglected child (cf. *Matter of Katherine J.,* 71 Misc 2d 47). Appellant's remaining contention, that subdivision (b) of section 1051 of the Family Court Act is unconstitutional because it denies her due process of law, is likewise without merit. While this enactment empowers the court to amend a petition to conform to the proof, it also protects the due process rights of respondents by guaranteeing them a reasonable time to answer amended allegations. Order affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.