■ In the Matter of JENNIFER WW. and Others, Children Alleged to be Abused and Neglected. MADISON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANTHONY WW., Appellant. [687 NYS2d 487] —Crew III, J. Appeal from an order of the Family Court of Madison County (Humphreys, J.), entered December 18, 1996, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to extend placement of respondent's children for a period of 12 months.

Respondent is the biological father of three children—Jennifer, Kathryn and Edward. By order dated November 21, 1994, Jennifer was adjudicated to be an abused child and Kathryn and Edward were adjudicated to be neglected children based upon respondent's admission that he sexually abused Jennifer. Jennifer thereafter was placed in petitioner's custody for a period of 12 months, and the remaining children were placed under petitioner's supervision for the same period. This order subsequently was extended to November 1, 1996.

In August 1996, petitioner commenced the instant proceeding seeking an additional extension of the underlying order. The parties stipulated to an extension of placement as to Jen-

nifer and a fact-finding hearing was conducted with respect to the remaining children, at the conclusion of which Family Court granted petitioner's application. This appeal by respondent ensued.

Although the order from which the appeal is taken expired by its own terms on November 20, 1997, we have been advised that two subsequent extensions were granted, thereby continuing the order of placement and supervision until November 20, 1999. Accordingly, the instant appeal is not moot.

Turning to the merits, based upon our review of the record as a whole, we cannot say that Family Court erred in granting petitioner's application to extend the order of placement and supervision. Extensive testimony was adduced regarding the progress made by respondent in the sexual abuse treatment program in which he participated, the likelihood that the children's mother would be able to recognize the early signs of abuse and respond appropriately and the likelihood that respondent again would engage in abusive behavior. In this regard, although respondent admitted that he made a "grave mistake" and engaged in inappropriate conduct with respect to Jennifer, the record reflects that respondent has refused to acknowledge that such conduct was sexual in nature. Additionally, a social worker testifying on behalf of petitioner stated that there was a "very good possibility" that the children's mother would be unable to recognize the early signs of sexual abuse if future incidents were to occur. Finally, one of petitioner's experts characterized respondent's risk of "reabuse" as "high" and opined that respondent would sexually abuse his daughter Kathryn, then 13 years old, if he was permitted to be alone with her. Under such circumstances, Family Court's decision to extend the order of placement and supervision was entirely proper. Respondent's remaining contentions have been examined and found to be lacking in merit.

Cardona, P. J., Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.