■ In the Matter of JENNIFER WW. and Others, Children Alleged to be Abused and/or Neglected. MADISON COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANTHONY WW., Appellant. [710 NYS2d 733] —Crew III, J. Appeal from an order of the Family Court of Madison County (Humphreys, J.), entered September 1, 1999, which partially denied respondent's application, in a proceeding pursuant to Family Court Act article 10, for modification of a prior order of visitation.

Respondent is the biological father of three children—Jennifer, Kathryn and Edward. In November 1994, Jennifer was adjudicated to be an abused child and Kathryn and Edward were adjudicated to be neglected children based upon respondent's admission that he sexually abused Jennifer. Jennifer initially was placed in petitioner's custody for a period of 12 months, with Kathryn and Edward placed under petitioner's supervision for the same period (260 AD2d 672). Thereafter, various extensions of the order of placement and supervision were granted.

In May 1999, respondent petitioned for modification of a

prior order of visitation. Specifically, respondent sought court-ordered, unsupervised visitations with Kathryn (born in 1983) and Edward (born in 1985). Although not entirely clear from the record, it appears that respondent commenced the instant proceeding after Kathryn and Edward allegedly indicated that they no longer wished to visit with respondent and petitioner concluded, given their respective ages, that such visitations should not be forced. At the conclusion of the hearing that followed, Family Court awarded respondent biweekly, supervised visitation with Kathryn at petitioner's offices. As to Edward, Family Court directed petitioner to encourage Edward to visit with respondent and to provide for supervised visits should Edward so desire. This appeal by respondent ensued.

We affirm. As a starting point, we note that respondent did not object to counsel's exclusion from the *Lincoln* hearing conducted in this matter and, as such, respondent has failed to preserve his due process claim for our review (*see generally, Simpson v K-Mart Corp.*, 245 AD2d 991, 993, *lv denied* 91 NY2d 813; *Matter of Michelle S.*, 195 AD2d 721, 722). Turning to the merits, we cannot say that Family Court erred in its resolution of respondent's application. In this regard Kathryn and Edward, who were 15 years old and 13 years old, respectively, at the time of the hearing, articulated their reasons for discontinuing voluntary visitations with respondent and expressed their desires and concerns regarding any future visitations. Although the children's wishes on this point are by no means controlling, Family Court, who had the opportunity to question the children at length and assess their candor and maturity, quite properly gave due consideration to their stated preferences (*see, e.g., Matter of Lozada v Lozada*, 270 AD2d 422; *Koppenhoefer v Koppenhoefer*, 159 AD2d 113, 117). Respondent's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mercure, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.