■ In the Matter of ALEXZANDER B., a Child Alleged to be Neglected. TOMPKINS COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; TONYA D., Appellant. [731 NYS2d 528] —Mercure, J. Appeal from an order of the Family Court of Tompkins County (Barrett, J.), entered June 20, 2000, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 10, to, *inter alia*, extend placement of respondent's child with petitioner for a period of 12 months.

In 1997, Family Court entered a stipulated order of adjudication and disposition adjudging Alexzander B. (hereinafter the child), respondent's son, to be neglected by her, continuing custody of the child with his parents, placing respondent under petitioner's supervision, requiring that respondent obtain a psychological evaluation and fully participate in individual and family/couples counseling as recommended by said evaluation, and also requiring that respondent attend regularly scheduled meetings with petitioner in order to participate in the develop-

ment of a family service plan.[1] A further neglect petition filed in June 1998 resulted in a second stipulated order of neglect and suspended judgment, this time providing for the child's placement with his grandmother until August 31, 1999. A violation petition was filed in July 1999 and respondent ultimately stipulated to an extension of the child's placement to April 8, 2000.

Just prior to the expiration of that placement, petitioner filed a further petition alleging that respondent had violated the most recent stipulated order of disposition and permanency plan by, among other things, failing to maintain a stable living environment, failing to participate in visitation programs and advanced parenting classes, and failing to attend court-ordered counseling. Three days later, petitioner filed an order to show cause seeking a temporary order extending the child's placement pending a final determination of the violation petition. After the conclusion of a fact-finding hearing on June 20, 2000, Family Court found that respondent had violated the terms of the stipulated order and permanency plan, extended the child's placement for 12 months and modified the permanency plan by changing its goal from reunification with respondent to adoption by the grandmother. Respondent appeals.[2]

Initially, we note that so much of Family Court's order as provided for the placement of the child expired in June 2001, thereby rendering that portion of the appeal moot (*see, Matter of Lisa Z.*, 276 AD2d 853; *Matter of Michael OO.*, 267 AD2d 638). In addition, there is no indication that subsequent extensions have been granted (*cf., Matter of Jennifer WW.*, 260 AD2d 672, 673) or that respondent initiated a new appeal from any such extension (*see, Matter of Anna HH.*, 223 AD2d 880, 881).

Were we to consider the merits, the result would be no different than that reached by Family Court. Initially, the contention that petitioner failed to comply with the 60-day notice requirement of Family Court Act § 1055 (b) (i) was not preserved by a timely objection in Family Court (*see, Matter of Katy Z.*, 265 AD2d 932, 933; *Matter of Joseph H.*, 211 AD2d 586). Further, the record does not support respondent's contention that Family Court lacked authority to extend the child's placement because it failed to consider the question of whether

---

**1.** The 1997 proceeding also involved another of respondent's children. In October 1997, she surrendered her parental rights with respect to that child, who is not at issue in this proceeding.

**2.** Notwithstanding certain equivocal statements made in regard to the permanency plan at oral argument, we decide this appeal based on the record before us.

petitioner made reasonable efforts to return the child to respondent. To the contrary, paragraph 12 of petitioner's proposed findings of fact, which were specifically incorporated by reference into Family Court's June 20, 2000 order, made the requisite findings.

Nor are we persuaded that petitioner failed to prove that respondent is unable to care for the child. Respondent's continued unfitness as a parent is manifest from her failure to maintain the same residence for any six-month period between March 1999 and the May 2000 hearing, attend counseling sessions after March 2000, engage in marital counseling, and participate in the "facilitative visitation program" because she had not progressed to the point where she could have unsupervised visitation with the child. The very same evidence supports Family Court's finding that respondent violated the terms of the suspended judgment (see, Matter of Nicole OO., 262 AD2d 808, 810; Matter of Ericka LL., 256 AD2d 1037, 1038).

As a final matter, in view of the specific authority provided by Family Court Act § 1055 (b) (iv) (A) (2) to "adjust or modify [the permanency] plan" and the recognition that adoption is a legitimate goal of a permanency plan in advance of a finding of permanent neglect (see, Family Ct Act § 1055 [b] [iv] [B] [4]), we are not persuaded by respondent's conclusory assertion that, absent a finding of permanent neglect, Family Court lacked authority to change the permanency plan to adoption.

Cardona, P. J., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.