■ In the Matter of NORA M. and Others, Children Alleged to be Abused and Neglected. DELAWARE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CHARLES N., Appellant. [750 NYS2d 901] —Lahtinen, J. Appeals from two orders of the Family Court of Delaware County (Estes, J.), entered June 6, 2001, which, inter alia, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to extend prior orders of supervision and protection.

In April 2000, respondent admitted in Family Court to repeated acts of sexual intercourse with one stepdaughter and various acts of sexual abuse regarding another stepdaughter. The children were found by Family Court to be abused and neglected and, inter alia, one-year orders of protection were

issued. Criminal charges were also filed against respondent regarding his conduct and he pleaded guilty to the crimes of sexual abuse in the first degree (three counts) and endangering the welfare of a child (three counts). He was sentenced to 10 years in prison and his criminal conviction was upheld on appeal (*People v Wright*, 295 AD2d 806). When petitioner applied to Family Court for a one-year extension of the protective orders, respondent opposed the application contending that his prior admissions had not been truthful and that he had not, in fact, engaged in the conduct that he had previously admitted. Family Court was not convinced by respondent's contention and, thus, the court granted petitioner's application and extended the orders for one year to April 2002. Respondent appeals.

Initially, we note that, since the orders from which the appeal is taken expired by their own terms in April 2002, this appeal is moot (*see Matter of Miguel HH.*, 285 AD2d 692). However, even if we were to consider respondent's arguments (*see Matter of Alexzander B.*, 287 AD2d 820, 821), we would find them devoid of merit. His criminal conviction for sexual crimes, which arose from the same conduct that formed the basis for Family Court's orders, is sufficient to sustain Family Court's determination under the doctrine of collateral estoppel (*see Matter of Denise GG.*, 254 AD2d 582, 583). Family Court's decision not to require the testimony of one of the victims who had written a letter recanting was not an abuse of discretion in light of respondent's sworn admissions to the acts both in Family Court and County Court, while represented by counsel, and the recognized weakness of recantation evidence (*see People v Yates*, 290 AD2d 888, 890; *Matter of Martha Z.*, 288 AD2d 706, 707). Finally, review of the record reflects that, contrary to respondent's contention, he received the effective assistance of counsel.

Cardona, P.J., Crew III, Peters and Mugglin, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.