■ In the Matter of Thomas JJ. and Another, Children Alleged to be Neglected. Tompkins County Department of Social Services, Respondent; Shirley KK., Appellant. [788 NYS2d 508]—

Peters, J. Appeal from an order of the Family Court of Tompkins County (Rowley, J.), entered September 2, 2003, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to extend placement of respondent's children with petitioner.

Respondent is the mother of Thomas JJ. (born 1992) and Taylor JJ. (born 1989). Pursuant to a petition dated March 5, 2002, petitioner sought temporary removal of these children from respondent's home by alleging that the children were neglected pursuant to Family Ct Act § 1012 (f). By interim order dated March 11, 2002, respondent consented to the placement of the children with petitioner after it was determined that respondent failed to engage in the preventive services offered by petitioner. By order of July 16, 2002, Family Court found the children to be neglected, but suspended the judgment until March 4, 2003 upon numerous terms and conditions.

In December 2002, respondent moved to terminate the children's placement and petitioner moved to extend their placement. Petitioner also sought to change the permanency plan to provide for the adoption of Thomas and independent living for Taylor. Petitioner alleged that the extension was warranted because respondent failed to comply with the service plan and the children were refusing to return to respondent. As detailed in the uniform case review record referred to in the petition, Thomas had threatened to commit suicide and kill both respondent and his brother if forced to return to reside with respondent, and had also begun to self-mutilate due to his fear of going home. Taylor alleged that he could not go home without Thomas.

In April 2003, an evidentiary hearing was held. Following the close of proof, petitioner sought permission to supplement the pleadings to allege the existence of exceptional circumstances under Family Ct Act § 1053, which would warrant an extension of the suspended judgment beyond the one-year period (see Family Ct Act § 1053 [b]). By decision dated July 10, 2003, Family Court granted the request and reopened the hearing to allow for further proof. At the additional hearing, petitioner rested on the prior hearing testimony and respondent again testified. By decision dated July 31, 2003, Family Court extended the children's placement, approved the proposed permanency plan and extended the order of the suspended judgment by finding that due to the combination of respondent's mental illness and the children's emotional fragility, extraordinary circumstances warranted the suspension beyond the one-year period. Respondent appeals.

Preliminarily, we address whether Family Court erred in permitting petitioner, after the close of proof, to conform the pleadings to reflect the proof presented at the hearing. It is well settled that Family Court is vested with broad discretion, pursuant to Family Ct Act § 1051 (b), to allow an amendment of the pleadings "so long as a reasonable time to prepare and answer is given" (Matter of Nikole B., 263 AD2d 622, 623 [1999]; see Matter of Tina T. v Steven U., 243 AD2d 863, 864 [1997], lv denied 91 NY2d 805 [1998]). Finding the amendment proposed to be meritorious in light of the purpose of the hearing, coupled with the opportunity provided to respondent to present further testimony, we fail to find any prejudice to respondent and, therefore, no abuse of discretion. However, the order from which the appeal is taken had expired by its own terms on March 4, 2004. Respondent's argument regarding the propriety of that placement is now moot "particularly where, as here, a subse-

quent order extending placement was entered . . . [and], from which no appeal was taken" (*Matter of Trebor UU.*, 287 AD2d 830, 830 [2001]; *see Matter of Alexzander B.*, 287 AD2d 820, 821 [2001]; *see also Matter of Jason DD. v Maryann EE.*, 4 AD3d 687, 688 [2004]; *Matter of Nora M.*, 300 AD2d 922, 923 [2002]).

Were we to consider respondent's additional contentions, we would find no error. Recognizing the great deference accorded to the Family Court, its factual findings will not be disturbed on appeal unless they are found to be lacking a substantial basis in the record (*see Matter of Kaleb U.*, 280 AD2d 710, 712 [2001]). Here, there was extensive testimony indicating that although respondent completed some of the terms and conditions of the suspended judgment, her efforts at completion were recent and irregular; she continued to be verbally and physically inappropriate with the children. Literal compliance is not necessarily sufficient (*see Matter of Skylar NN.*, 284 AD2d 595, 597 [2001], *lv denied* 96 NY2d 722 [2001]; *Matter of Jonathan P.*, 283 AD2d 675, 676 [2001], *lv denied* 96 NY2d 717 [2001]). Rather, a parent must demonstrate "that progress has been made to overcome the specific problems which led to the removal of the child" (*Matter of Jonathan P., supra* at 676; *see Matter of Jennifer VV.*, 241 AD2d 622, 623 [1997]). As Family Court specifically found, and the record amply supports, that respondent "has not demonstrated insight into the causes of her children's foster care placement nor has she demonstrated an ability to meet their emotional needs," we agree that the children's best interests warranted their continued placement outside of respondent's care (*see Matter of William G.*, 233 AD2d 702, 704 [1996]).

Cardona, P.J., Crew III, Carpinello and Rose, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.