■ In the Matter of KILA DD. and Others, Children Alleged to be Abused and Neglected. SCHOHARIE COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ANTONIO EE., Appellant. [812 NYS2d 700]—

Kane, J. Appeals (1) from an order of the Family Court of Schoharie County (Bartlett, III, J.), entered March 8, 2002, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate respondent's children to be abused and neglected, and (2) from an order of said court, entered March 29, 2002, which, inter alia, extended placement of respondent's children.

Respondent is the father of three children, Kila (born in 1988), Antonio (born in 1995) and Kathleen (born in 2000). Kimberly FF. is the mother of respondent's two youngest children, having married him a month before Kathleen's birth. Respondent's first wife and Kimberly's mother were sisters, making Kimberly respondent's niece. Petitioner commenced the instant proceeding, alleging that the children were neglected as the result of being exposed to domestic violence that respondent inflicted upon Kimberly. During the fact-finding hearing, Family Court permitted petitioner to amend the petition to include allegations that respondent abused the children and that they were derivatively abused or neglected due to respondent's sexual abuse of Kimberly when she was a minor in his care. After the court determined that respondent abused Kila and derivatively abused the other two children, the parties entered into a stipulated order of disposition. Respondent appeals.

Family Court was not required to grant respondent's request for recusal. No impropriety arose merely because the Family Court Judge previously presided over an unrelated criminal matter where respondent pleaded guilty in County Court (*see Matter of Karina U.*, 299 AD2d 772, 773 [2002], *lv denied* 100 NY2d 501 [2003]; *People v Smith*, 272 AD2d 679, 682 [2000], *lv*

*denied* 95 NY2d 938 [2000]). As no statutory basis for recusal existed (*see* Judiciary Law § 14), the court did not abuse its discretion in denying the motion.

Amendment of the petition to conform to the proof during the proceedings was permissible, as respondent was given time to address the new allegations and did not request any further adjournment to better prepare his defense (*see* Family Ct Act § 1051 [b]; *Matter of Michelle S.*, 195 AD2d 721, 722 [1993]; *Matter of Terry S.*, 55 AD2d 689, 690 [1976]). Family Court could properly rely upon evidence concerning respondent's sexual abuse of Kimberly when she was a minor in his care. Respondent's conduct, although remote, was part of a continuum of violent conduct against his wife and children under his care and was probative of the flaws in his fundamental understanding of the duties of parenthood (*see Matter of Tiffany AA.*, 268 AD2d 818, 819-820 [2000]; *Matter of Amanda LL.*, 195 AD2d 708, 709 [1993]). In any event, the remaining evidence amply supports findings of abuse due to respondent's repeated physical beatings of Kila, his assaults on another niece previously in his care, and exposure of the children to domestic violence consisting of severe abuse against Kimberly and Kila in the children's presence (*see Matter of Tiffany S.*, 302 AD2d 758, 761 [2003], *lv denied* 100 NY2d 503 [2003]; *Matter of Michael G.*, 300 AD2d 1144, 1144 [2002]; *Matter of Nicole VV.*, 296 AD2d 608, 612 [2002], *lv denied* 98 NY2d 616 [2002]).

Respondent's counsel provided meaningful representation. Counsel was not required to make a motion for recusal, as the record does not reveal any basis for such a motion (*see Matter of Joshua O.*, 227 AD2d 695, 697 [1996]). Although respondent's testimony was the only evidence presented on his behalf, he failed to show that other favorable witnesses or evidence were available (*see Matter of William AA.*, 24 AD3d 1125, 1128 [2005]; *Matter of James P.*, 17 AD3d 733, 734-735 [2005]). Despite respondent's hindsight disagreement with counsel's tactics, he received effective assistance (*see Matter of Jonathan LL.*, 294 AD2d 752, 753 [2002]).

Crew III, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the orders are affirmed, without costs.