■ In the Matter of LEE R. KELLEY, JR., Appellant, v CRYSTAL VANDEE, Respondent. (And Three Other Related Proceedings.) [878 NYS2d 807]—

---

McCarthy, J. Appeals (1) from an order of the Family Court of Cortland County (Campbell, J.), entered September 6, 2007, which granted respondent's application, in four proceedings pursuant to Family Ct Act article 6, to modify a prior order of custody, and (2) from an order of said court, entered October 30, 2007, which denied petitioner's motion for, among other things, a new trial.

The parties are the parents of a son (born in 2002). Pursuant to a December 2006 order entered on stipulation, respondent (hereinafter the mother) was granted sole legal and physical custody with visitation to petitioner (hereinafter the father). Previous to this order, the parties had been before Family Court on numerous occasions in the course of which the father's alcohol dependency had been a factor in visitation, i.e., he had previously been ordered to successfully complete alcohol treatment before unsupervised visitation would be allowed and was prohibited from consuming alcohol for 24 hours prior to visitation or during visitation.

A few months after the December 2006 order was entered, yet another series of proceedings were commenced between the parties after the mother refused to turn the child over for visitation one afternoon because the father showed up visibly intoxicated. This incident prompted the father to file violation and modification of custody petitions (seeking full custody with no visitation to the mother). The mother, in turn, filed a modification petition (alleging that the father was once again consuming alcohol on a regular basis and seeking, among other relief, to suspend visitation pending successful alcohol treatment) and a family offense petition (alleging that the father made repeated threats to remove the child from the state). In her modification petition, the mother also noted that the father had recently been arrested on another alcohol-related offense.

Following a fact-finding hearing on all outstanding petitions, Family Court dismissed the father's petitions for failure of proof* and modified the prior order by directing him to undergo alcohol treatment and permitting supervised visitation on the condition of his active engagement in such treatment. It also denied a motion for a new trial. The father now appeals.

The father argues that Family Court's finding that he was intoxicated on the afternoon in question was not in accord with the evidence. The determination of Family Court, which observed and heard the testimony of all witnesses, is entitled to great deference and will not be disturbed unless it lacks a sound and substantial basis in the record (see e.g. Matter of Roe v Roe, 33 AD3d 1152, 1153 [2006]; Matter of Engwer v Engwer, 307 AD2d 504, 505 [2003]). Here, the mother's undisputed testimony established that she denied the father visitation on the afternoon in question out of concern for the child's safety because he showed up at their designated exchange location intoxicated. According to the mother, when the father arrived, he almost fell over while getting out of his car, smelled of alcohol and admitted that he had been drinking. He then refused to take a breathalyzer test when the two proceeded to a local police station in an attempt to resolve the dispute. While a bartender testified that she served the father only one nonalcoholic beer an hour or two before this scheduled exchange, Family Court found that this testimony still did not establish that he had not been drinking prior to his encounter with the mother. Under these circumstances, the record fully supports Family Court's determination that a sufficient change in circumstances, namely, the father's resumption of drinking, warranted a modification of the prior order and that such modification was in the child's best interest (see Matter of Engwer v Engwer, 307 AD2d at 505; Matter of Sheavlier v Melendrez, 296 AD2d 622, 623 [2002]; cf. Matter of Laware v Baldwin, 42 AD3d 696, 696-697 [2007]).

The father also argues that Family Court (Campbell, J.) became an unsworn witness against him thus mandating her recusal. We are unpersuaded. Judge Campbell was intimately familiar with the issues plaguing these parties, particularly the father's demonstrated need for alcohol treatment, since she presided over all prior Family Court proceedings. At the initial appearance in these proceedings, Judge Campbell denied the

---

* We note that, although the father requested sole custody in his modification petition, the only specific relief requested at the conclusion of the hearing was resumption of visitation and "make-up" visitation. On appeal, he continues to raise only the issue of visitation.

father's request to reinstate visitation, but noted that she would reconsider the application in the event he availed himself of treatment, which, she noted, he had successfully completed in the past.

At this appearance, Judge Campbell also informed counsel that she recently arraigned the father, in her capacity as a local town judge, following his felony driving while intoxicated arrest and stated her observations of him in the course of that matter. In denying the father's subsequent request for recusal based on her involvement in the criminal matter, Judge Campbell stated that she could impartially and fairly preside over the instant proceedings despite same. In our view, no impropriety arose in these proceedings because of Judge Campbell's involvement in the criminal matter (*see Matter of Kila DD.*, 28 AD3d 805, 805-806 [2006]; *Matter of Karina U.*, 299 AD2d 772, 773 [2002], *lv denied* 100 NY2d 501 [2003]) or as a result of her stated observations arising out of that matter. In short, we are unpersuaded that Judge Campbell's observations rendered her an unsworn witness against the father or thereafter colored her view of the hearing testimony. As no statutory basis for recusal existed (*see* Judiciary Law § 14), and because Judge Campbell stated her ability to be fair and impartial, we find no abuse of discretion in denying the recusal motion (*see Matter Kila DD.*, 28 AD3d at 806; *Matter of De Ruzzio v De Ruzzio*, 288 AD2d 725, 726 [2001]; *see also People v Mabry*, 27 AD3d 835, 836-837 [2006]).

The father's remaining contentions are likewise unpersuasive. First, while the father argues that it was improper for Family Court to draw an "adverse inference" against him for refusing to comply with an interim order directing a complete substance abuse evaluation, there is no indication in the record that Family Court in fact drew a negative inference against the father for any reason (i.e., his refusal to complete the evaluation or his failure to testify at the hearing) or that the court imposed any type of sanction for his refusal to comply with this interim order. Thus, the argument is without merit. Finally, upon our review of the record, we reject his claim that the Law Guardian provided "inadequate" assistance to the child.

Rose, J.P., Kane, Kavanagh and Stein, JJ., concur. Ordered that the orders are affirmed, without costs.