*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 2, 2015                518006
_____

In the Matter of HAILEY XX.
   and Others, Alleged to be
   Neglected Children.

CORTLAND COUNTY DEPARTMENT OF
   SOCIAL SERVICES,                         MEMORANDUM AND ORDER
                  Respondent;

ANGEL XX.,
                  Appellant.
_____

Calendar Date:  February 20, 2015

Before:  Lahtinen, J.P., Garry, Rose and Devine, JJ.

_____

     Lisa K. Miller, McGraw, for appellant.

     Kathleen A. Sullivan, Cortland County Department of Social
Services, Cortland, for respondent.

     Natalie B. Miner, Homer, attorney for the children.

_____

Lahtinen, J.P.

     Appeal from an order of the Family Court of Cortland County
(Ames, J.), entered October 18, 2013, which granted petitioner's
application, in a proceeding pursuant to Family Ct Act article
10, to adjudicate respondent's children to be neglected.

     Respondent and her husband (hereinafter the father) are the
parents of three children, born in 2008, 2010 and 2011.  The
oldest child had previously been temporarily removed from the

parents' care in 2009 for neglect after the father broke the child's arm and neither parent sought medical care for the child. That incident resulted in the father being convicted of assault and, when he violated probation by perpetrating domestic violence upon respondent, he was incarcerated. While the father was incarcerated, respondent and her three children began living with respondent's new boyfriend. Respondent and her paramour were involved in repeated incidents of domestic violence – resulting in both being arrested in December 2012 – and petitioner then commenced the instant neglect proceeding. Following a hearing, Family Court rendered a detailed written decision granting the petition finding, among other things, that respondent engaged in domestic violence with her paramour in the presence of the children, the home was filthy and the children were not provided basic hygiene, and respondent failed to keep the children in necessary early intervention services. Respondent appeals.

Prefatorily, we are unpersuaded by respondent's contention that Family Court erred in allowing petitioner to amend its petition to conform to the proof by adding allegations of poor hygiene and uncleanliness. "Family Court is vested with broad discretion, pursuant to Family Ct Act § 1051 (b), to allow an amendment of the pleadings 'so long as a reasonable time to prepare and answer is given'" (Matter of Thomas JJ., 14 AD3d 953, 954 [2005], quoting Matter of Nikole B., 263 AD2d 622, 623 [1999]). There was evidence of the prevailing unsanitary conditions, Family Court granted the motion to amend in June 2013, and the court reopened the proof and allowed respondent to present proof regarding such issue at a hearing in September 2013. Family Court did not abuse its discretion in permitting the amendment under these circumstances (see Matter of Thomas JJ., 14 AD3d at 954; see also Matter of Ariel C.W.-H. [Christine W.], 89 AD3d 1438, 1439 [2011]; Matter of Kila DD., 28 AD3d 805, 806 [2006]).

Respondent's primary argument is that petitioner failed to prove that she neglected her children. To establish neglect, petitioner must "demonstrate[], by a preponderance of evidence, that the child[ren]'s physical, mental or emotional condition was harmed or is in imminent danger of such harm as a result of the parent's failure to exercise a minimum degree of care" (Matter of

Xavier II., 58 AD3d 898, 899 [2009]).  "[I]mminent danger of harm must be near or impending . . . [and] there must be a link or causal connection between the basis for the neglect petition and the circumstances that allegedly produce the child[ren]'s impairment or imminent danger of impairment" (Matter of Lillian SS. [Brian SS.], 118 AD3d 1079, 1080 [2014], lv dismissed 24 NY3d 936 [2014] [internal quotation marks and citations omitted]). "In determining whether a parent is exercising a minimum degree of care, the parent's behavior must be evaluated objectively, in light of whether a reasonable and prudent parent would have so acted, or failed to act, under the circumstances" (Matter of Samuel DD. [Margaret DD.], 81 AD3d 1120, 1122 [2011] [internal quotation marks, brackets and citations omitted]).  "We accord deference to Family Court's credibility determinations and will not disturb its findings if they are supported by a sound and substantial basis in the record" (Matter of Thomas M. [Susan M.], 81 AD3d 1108, 1109 [2011] [citations omitted]; see Matter of Diane C. v Richard B., 119 AD3d 1091, 1093 [2014]).

Respondent repeatedly became involved in and remained in abusive situations, and she failed to take steps to protect the children from witnessing the resulting domestic violence. Respondent and her paramour had several incidents of domestic violence that resulted in police being summoned, and then respondent would not cooperate in limiting the paramour's access to the children via a protective order or pressing charges. Although the paramour was the initial aggressor in most incidents, Family Court also credited the proof that respondent pursued and perpetrated violent acts on the paramour in the presence of the children.  In addition, witnesses who went to the apartment where respondent resided recalled seeing the children and the residence in a very unclean condition including, among other things, food and dirt on the floor, cigarette butts and ashtrays on the floor, clothes thrown throughout the apartment, the youngest child in a sleeper encrusted with food, bottles with curdled milk, diapers on all the children that needed to be changed and that smelled so strongly that they were characterized as "atrocious," and children not appropriately dressed and so dirty that caseworkers took turns trying to clean them.  There was also proof that the children needed — and arrangements had been made for — early intervention services, but respondent

failed to take reasonable steps to keep the children in the necessary early intervention services for a period of six months during 2012. Accepting Family Court's credibility determinations and viewing the evidence cumulatively, there was sufficient proof to support the neglect determination (see e.g. Matter of Heyden Y. [Miranda W.], 119 AD3d 1012, 1014 [2014]).

Garry, Rose and Devine, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court