Clark, J.
Appeals from two orders of the Family Court of Ulster County (McGinty, J.), entered January 29, 2014, which, in two proceedings pursuant to Social Services Law § 384-b, issued orders of protection in favor of the subject child.
Respondents, David BB. (hereinafter the father) and Donna AA. (hereinafter the mother), are the parents of a son (born in 2007). In June 2011, following the mother’s incarceration for drug-related charges, the child was removed from her care and later adjudicated to be neglected. In February 2013 and April 2013, respectively, petitioner commenced these proceedings against the father and the mother seeking adjudications of permanent neglect and termination of their parental rights. After the father made admissions of permanent neglect, a suspended judgment was issued against him. Following fact-finding and dispositional hearings, Family Court granted the petition against the mother, terminated her parental rights and issued an order of protection prohibiting the mother from contacting the child until his eighteenth birthday. The mother now appeals from the order of protection entered against her, and the attorney for the child appeals from the same order of protection,[1] as well as an order of protection entered the same day against the father, directing him to, among other things, *1135 “ensure that the [child] ha[ve] no contact or communication with” the mother.[2]
Initially, to the extent that the order of protection entered against the father has expired by its own terms in April 2014, we hereby dismiss, as moot, the appeal from the order issuing said order of protection (see Matter of Damian D. [Patricia WW.], 126 AD3d 12, 16 [2015]; compare Matter of Veronica P. v Radcliff A., 24 NY3d 668, 670-672 [2015]). Further, inasmuch as the attorney for the child has raised arguments on this appeal relating to the issuance of the order of protection against the mother that were not brought before Family Court, these arguments are unpreserved for our review (see Matter of Telsa Z. [Denise Z.], 84 AD3d 1599, 1600 [2011], lv denied 17 NY3d 708 [2011]; Matter of Jennifer WW., 274 AD2d 778, 779 [2000], lv denied 95 NY2d 764 [2000]; see also Matter of Ariel C.W.-H. [Christine W.], 89 AD3d 1438, 1438 [2011]). Were we to address the merits of these claims, however, we would nonetheless find them to be without merit (see Family Ct Act § 656; Matter of Britiny U. [Tara S.], 124 AD3d 964, 967 [2015]).
McCarthy, J.P., Egan Jr. and Devine, JJ., concur.
Ordered that the appeal from the order entered January 29, 2014 issuing the order of protection against respondent David BB. is dismissed, as moot, without costs. Ordered that the order entered January 29, 2014 issuing the order of protection against respondent Donna AA. is affirmed, without costs.

. Although the mother’s notice of appeal was not timely filed (see Family Ct Act § 1113), the appeal from this order is nonetheless properly before us as the appeal by the attorney for the child was timely.

. The father is not a party to the instant appeal.