Matter of Rosalynne AA. (Bridget AA.) (2023 NY Slip Op 04242)

Matter of Rosalynne AA. (Bridget AA.)

2023 NY Slip Op 04242

Decided on August 10, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 10, 2023

529666 531998
[*1]In the Matter of Rosalynne AA. and Another, Alleged to be Neglected Children. Delaware County Department of Social Services, Respondent; Bridget AA., Appellant. (Proceeding No. 1.)
In the Matter of Rosalynne AA. and Another, Alleged to be Abused and/or Neglected Children. Delaware County Department of Social Services, Appellant; Thomas BB., Respondent. Kenneth AA., Appellant. (Proceeding No. 2.)

Calendar Date:June 1, 2023

Before:Egan Jr., J.P., Lynch, Aarons, Fisher and McShan, JJ.

Teresa C. Mulliken, Harpersfield, for Bridget AA., appellant.
Larisa Obolensky, Delhi, for Kenneth AA., appellant.
Amy B. Merklen, County Attorney, Delhi, for Delaware County Department of Social Services, appellant in proceeding No. 2 and respondent in proceeding No. 1.
Renee J. Albaugh, Accord, for Thomas BB., respondent.
Lee C. Hartjen, Cobleskill, attorney for the children.

Aarons, J.
Appeals (1) from a corrected order of the Family Court of Delaware County (Gary A. Rosa, J.), entered July 19, 2019, which (a) granted petitioner's application, in proceeding No. 1 pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected and (b) dismissed petitioner's application, in proceeding No. 2 pursuant to Family Ct Act article 10, to adjudicate the subject children to be abused and neglected, and (2) from an order of said court, entered December 11, 2019, which placed the subject children with the nonrespondent parent.
Respondent Bridget AA. (hereinafter the mother) and Kenneth AA. (hereinafter the father) are the separated parents of two children (born in 2010 and 2011). After the mother and the father separated, the mother relocated from Florida to New York with the children, and they resided in a single-wide trailer with respondent Thomas BB. (hereinafter the boyfriend), with whom the mother had a relationship. Following a disclosure by the younger child that the boyfriend had inserted his fingers into her vagina, petitioner commenced proceeding No. 2 alleging neglect and sexual abuse by the boyfriend. Petitioner also commenced proceeding No. 1 alleging neglect by the mother based upon the allegations in proceeding No. 2, as well as allegations pertaining to the conditions of the home and the hygiene of the children. With the mother's consent, the children were then temporarily placed in the care of the father. A fact-finding hearing ensued, at the conclusion of which petitioner moved to conform the pleadings to the proof by adding an allegation of educational neglect. In a July 2019 corrected order, Family Court granted petitioner's motion and found, in proceeding No. 1, that the mother had neglected the children. The court, however, dismissed the entire petition in proceeding No. 2. In a December 2019 order entered after a dispositional hearing in proceeding No. 1, the court placed custody of the children with the father for a period of one year and permitted him to relocate the children to Florida. Petitioner, the mother and the father separately appeal from the July 2019 corrected order. The mother also appeals from the December 2019 order.
As an initial matter, the father's appeal from the July 2019 corrected order must be dismissed. Although the father participated in the fact-finding hearing and his status as an intervenor was not contested, he is still a nonrespondent parent. As a nonrespondent parent, the father "has a limited statutory role and narrow rights under Family Ct Act § 1035 (d) to: (1) pursue temporary custody of his . . . children during fact-finding, and (2) seek permanent custody during the dispositional phase" (Matter of Tesla Z. [Rickey Z.—Denise Z.], 71 AD3d 1246, 1250-1251 [3d Dept 2010]). In view of this limited role, which applies on appeal (see Matter of Andreija N. [Michael N.—Tiffany O.], 206 AD3d 1081, 1083 [3d Dept 2022]), the father's arguments directed toward the dismissal [*2]of the petition in proceeding No. 2 and the finding of neglect against the mother will not be considered. Furthermore, given that the father appeals only from the July 2019 corrected order and was awarded temporary custody of the children prior to the fact-finding hearing, he is not aggrieved thereby (see Matter of Jennie EE., 210 AD2d 744, 745 [3d Dept 1994]).
Petitioner contends that, in proceeding No. 2, Family Court erred in concluding that the younger child's out-of-court disclosure of inappropriate touching was not sufficiently corroborated. "[A]lthough the mere repetition of an accusation does not, by itself, provide sufficient corroboration, some degree of corroboration can be found in the consistency of the out-of-court repetitions" (Matter of Isabella I. [Ronald I.], 180 AD3d 1259, 1262 [3d Dept 2020] [internal quotation marks and citations omitted]; see Matter of Richard SS., 29 AD3d 1118, 1121 [3d Dept 2006]). The record discloses that the younger child's disclosure of the inappropriate touching was consistent. The record also reflects that the boyfriend, at night, would check on the children, who shared a bedroom, to make sure they were sleeping and that he would sometimes lie with the younger child and wrap himself around her to get her to sleep. Indeed, the mother acknowledged that the boyfriend did this. Additionally, there was testimony that, when the boyfriend did so, the younger child whimpered. In view of the foregoing, the low corroboration standard was satisfied to establish a prima facie case of sexual abuse (see Matter of Lily BB. [Stephen BB.], 191 AD3d 1126, 1128 [3d Dept 2021], lv dismissed 37 NY3d 927 [2021]; Matter of Branden P. [Corey P.], 90 AD3d 1186, 1189 [3d Dept 2011]; Matter of Miranda HH. [Thomas HH.], 80 AD3d 896, 898-899 [3d Dept 2011]; Matter of Nathaniel II., 18 AD3d 1038, 1040 [3d Dept 2005], lv denied 5 NY3d 707 [2005]).
It is true that Family Court made certain factual findings and credibility determinations. These findings and determinations, however, were made in the context of the court's analysis of whether the younger child's out-of-court statements met the required corroboration threshold. In this regard, the court credited testimony indicating that there was no inappropriate touching by the boyfriend but weighed this testimony solely against the younger child's out-of-court statements. Given our determination that the younger child's statements were sufficiently corroborated to establish a prima facie case of sexual abuse, a determination must now be made, based on all of the evidence from the fact-finding hearing, as to whether petitioner proved by a preponderance of the evidence that the boyfriend inappropriately touched the younger child. Remittal for this purpose is unnecessary considering that "we are empowered to independently assess the competing evidence and make alternative findings as part of our factual review" (Matter of Chloe L. [Samantha L.], 200 AD3d 1234, 1235 [3d Dept 2021] [internal [*3]quotation marks, brackets, ellipsis and citation omitted]) and doing so furthers judicial economy.
Upon such independent assessment, petitioner established by a preponderance of the evidence that the boyfriend committed acts against the younger child that constituted a crime under Penal Law article 130 (see Matter of Kaleb LL. [Bradley MM.], ___ AD3d ___, ___, 2023 NY Slip Op 03729, *2-3 [3d Dept 2023]; Matter of Lee-Ann W. [James U.], 151 AD3d 1288, 1290-1291 [3d Dept 2017], lv denied 31 NY3d 908 [2018]; Matter of Heather J., 244 AD2d 762, 764 [3d Dept 1997]). In addition to the previously mentioned evidence, there was evidence that the younger child understood the difference between a good touch and a bad touch and that the younger child was hurt when touched by the boyfriend. The mother explained that the younger child had potty training issues and that she and the boyfriend would touch the outside of the younger child's pants to see if the younger child had wet herself. The younger child, however, was more argumentative when the boyfriend did so. The younger child also disclosed that the boyfriend had licked her face and told her that it was because she was "so good looking." Furthermore, although a nurse who conducted a sexual abuse examination of the younger child testified that the examination was normal, the nurse also testified that a normal examination does not necessarily indicate whether abuse has occurred. That said, the nurse opined that the examination was consistent with the younger child's disclosure of inappropriate touching. Accordingly, after viewing the evidence from the fact-finding hearing in its entirety, the petition in proceeding No. 2, to the extent that it alleged sexual abuse, should be granted.[FN1]
Turning to the allegations of neglect, the record reveals that the children sometimes presented to school smelling of cat urine and looking as though they had not bathed. There was also evidence that the younger child came to school wearing clothes that were dirty and did not fit properly and that she had lice. A caseworker with petitioner testified that the trailer was messy and that there was garbage on the floor, as well as overflowing cat litter boxes. The caseworker also stated that the house smelled of cat urine and feces and that the children's mattresses were "brown and soiled." Because Family Court's finding of neglect as to the mother is supported by a sound and substantial basis in the record, such finding in proceeding No. 1 will be sustained (see Matter of Aerobella T. [Bartolomeo V.], 170 AD3d 1453, 1456 [3d Dept 2019]; Matter of Emmanuel J. [Maximus L.], 149 AD3d 1292, 1295 [3d Dept 2017]; Matter of Zackery D. [Tosha E.], 129 AD3d 1121, 1123 [3d Dept 2015]; Matter of Alyson J. [Laurie J.], 88 AD3d 1201, 1203 [3d Dept 2011], lv denied 18 NY3d 803 [2012]).
Regarding the allegation of educational neglect,[FN2] a school counselor stated that the younger child had weekly counseling sessions and was classified as learning [*4]disabled. The younger child got angry very easily, often had to be removed from class due to outbursts, crawled under desks and threw items. The counselor would leave phone messages for the mother, but the mother never checked on the younger child's progress or ensured if the younger child attended sessions. According to the counselor, there was not a lot of contact from the mother. A special education teacher for the younger child testified that the younger child was "academically delayed" and had maladaptive behaviors that affected her academic progress. The special education teacher sent paperwork about the younger child for the mother's completion, but the paperwork was never returned to the school. The special education teacher also contacted the mother by telephone on multiple occasions, but the mother responded only one time. A teacher for the older child testified that the older child had a hard time focusing during class and would sometimes crawl on the floor and act like a cat. This teacher also testified that the mother failed to respond to a request to have a parent-teacher conference. Based on the foregoing, Family Court's finding that the mother displayed a lack of attention to the children's educational needs is supported by a sound and substantial basis in the record (see Matter of Jonathan M. [Gilda L.], 139 AD3d 438, 439 [1st Dept 2016]; Matter of Tammie Z., 105 AD2d 463, 464-465 [3d Dept 1984], affd 66 NY2d 1 [1985]).
As to the alleged neglect by the boyfriend, the record reflects that he lived with the children, prepared food for them, disciplined them and got them ready for school and bed. The boyfriend described his interaction with the children and stated that "from time to time, [he had] strained issues with both of them, but that's typically how it goes with a stepparent and kids." Contrary to Family Court's finding, the evidence supports the conclusion that the boyfriend acted as the functional equivalent of a parent and, therefore, was a person legally responsible for the children's care (see Family Ct Act § 1012 [g]; Matter of Tyler MM. [Stephanie NN.], 82 AD3d 1374, 1375 [3d Dept 2011], lv denied 17 NY3d 703 [2011]; Matter of Rebecca X., 18 AD3d 896, 898 [3d Dept 2005], lv denied 5 NY3d 707 [2005]; Matter of Nichole SS., 296 AD2d 618, 618 [3d Dept 2002]). In view of this status, our finding of sexual abuse and the evidence relative to the condition of the trailer, the children's hygiene and how the children presented to school, the petition in proceeding No. 2 should not have been dismissed to the extent that it alleged neglect and instead should have been granted to that extent (see Matter of Joshua UU. [Jessica XX.—Eugene LL.], 81 AD3d 1096, 1099 [3d Dept 2011]).
Finally, the mother represents that, under a custody arrangement agreed to during the pendency of this appeal, she and the father share joint custody of the children, with the father having primary physical custody. Based on this custody arrangement, the [*5]mother does not raise any argument regarding the December 2019 order and, thus, has abandoned her appeal from such order (see Matter of Aiden LL. [Tonia C.], 191 AD3d 1213, 1215 [3d Dept 2021]). Notwithstanding this, based on our finding of neglect and sexual abuse by the boyfriend, the matter in proceeding No. 2 must be remitted for a dispositional hearing, which, under the circumstances of this case, should be before a different judge.
Egan Jr., J.P., Lynch, Fisher and McShan, JJ., concur.
ORDERED that the appeal by Kenneth AA. is dismissed, without costs.
ORDERED that the corrected order entered July 19, 2019 is modified, on the law and the facts, without costs, by reversing so much thereof as dismissed the petition in proceeding No. 2; petition granted in its entirety; matter remitted to the Family Court of Delaware County for a dispositional hearing in proceeding No. 2 before a different judge; and, as so modified, affirmed.
ORDERED that the order entered December 11, 2019 is affirmed, without costs.

Footnotes

Footnote 1: Some testimony by the mother and the boyfriend certainly supports a contrary conclusion. Because of the significant inconsistencies and discrepancies in their testimony, however, little weight is given thereto (compare Matter of Nathaniel TT., 265 AD2d 611, 614 [3d Dept 1999], lv denied 94 NY2d 757 [1999]).

Footnote 2: Contrary to the mother's assertion, Family Court did not abuse its discretion in granting the motion to conform the pleadings to the proof to add an allegation of educational neglect (see Family Ct Act § 1051 [b]). The mother "was given time to address the new allegation[ ] and did not request any further adjournment to better prepare [her] defense" (Matter of Kila DD., 28 AD3d 805, 806 [3d Dept 2006]). Nor is there any indication that the mother was prejudiced by the amendment of the pleadings (see Matter of Nikole B., 263 AD2d 622, 623 [3d Dept 1999]).