Matter of Astilla BB. (Francis BB.) (2024 NY Slip Op 06401)

Matter of Astilla BB. (Francis BB.)

2024 NY Slip Op 06401

Decided on December 19, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 19, 2024

CV-23-1329
[*1]In the Matter of Astilla BB. and Another, Alleged to be Neglected Children. Schenectady County Department of Social Services, Respondent; Francis BB., Appellant.

Calendar Date:November 19, 2024

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, McShan and Mackey, JJ.

Paul J. Connolly, Delmar, for appellant.
Christopher H. Gardner, County Attorney, Schenectady (Bethany M. Dixon of counsel), for respondent.
Elena Jaffe Tastensen, Saratoga Springs, attorney for the children.

Reynolds Fitzgerald, J.
Appeal from an order of the Family Court of Schenectady County (Mark W. Blanchfield, J.), entered June 7, 2023, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.
Respondent (hereinafter the father) is the father of two children (born in 2020 and 2021). In August 2021, the father and the children's mother lived in an apartment in the City of Schenectady and owned a house — that they were renovating — in the Town of Petersburgh, Rensselaer County. On August 25, 2021, the children's mother filed a Family Ct Act article 8 family offense petition alleging that the father verbally and physically abused her and the children. The mother specifically alleged that on August 23, 2021, while at the Petersburgh home, respondent placed a loaded gun to her head in front of the children. She further alleged that in the past he had threatened to kill both her and the children. Thereafter, the Schenectady County Family Court issued a temporary order of protection requiring respondent to stay away from the mother and the children. Based on this order of protection and the receipt of a hotline report, petitioner engaged in a protective removal of the children and placed them in foster care. On August 31, 2021, petitioner filed a neglect petition under Family Ct Act article 10.
In early September 2021, the children were allowed to stay with their mother — on a trial basis — at a YWCA safe shelter. Approximately two weeks later, petitioner learned that the mother and the children left the shelter and returned to the Schenectady apartment. When petitioner's caseworkers arrived at the Schenectady apartment, they found the apartment to be in a deplorable condition and returned the children to foster care. Petitioner thereafter filed amended petitions against the father and the mother alleging, among other things, that the children were neglected for failure to maintain a safe and sanitary home for the children. The allegations in the amended petition were limited to the conditions in the Petersburg property, which it alleged was uninhabitable in that it was unsafe and unsanitary and, as such, both the father and the mother placed the children's physical, mental and emotional conditions in imminent threat of injury or impairment.
In October 2021, the mother withdrew her family offense petition, and the order of protection was vacated. Thereafter, petitioner sought to remove the children from both parents' care. Following a Family Ct Act §§ 1027 and 1028 hearing, Family Court granted the temporary removal of the children. A subsequent fact-finding hearing on the amended neglect petitions ensued. On the second day of the hearing, the mother entered an admission to neglect of the children and the hearing continued solely against the father. At the conclusion of the hearing, at which the father did not testify and did not present any witnesses, Family Court adjudged the children [*2]to be neglected by him for failing to provide them with a safe and sanitary home environment. The father appeals, and we affirm.
"A party seeking to establish neglect must show, by a preponderance of the evidence, first, that [the] child[ren]'s physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child[ren] is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child[ren] with proper supervision or guardianship" (Matter of Caylin T. [Christine T.], 229 AD3d 859, 861 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Jaylin XX. [Jamie YY.], 216 AD3d 1224, 1226 [3d Dept 2023]). "A finding of neglect requires only an imminent threat of injury or impairment, not actual injury or impairment, and such threat may be established through a single incident or circumstance" (Matter of Aerobella T. [Bartolomeo V.], 170 AD3d 1453, 1453-1454 [3d Dept 2019] [internal quotation marks and citations omitted]; accord Matter of Jarrett SS. [Jade TT.-Scott SS.], 183 AD3d 1031, 1032 [3d Dept 2020])."Family Court's factual findings and credibility determinations are accorded great weight in such a proceeding and will not be disturbed on appeal unless they lack a sound and substantial basis"(Matter of Caylin T. [Christine T.], 229 AD3d at 861 [internal quotation marks and citations omitted]; see Matter of Winter II. [Kerriann II.], 227 AD3d 1142, 1145 [3d Dept 2024], lv denied 42 NY3d 903 [2024]).
The evidence presented by petitioner at the fact-finding hearing established that one of petitioner's caseworkers arrived at the Petersburg house in response to Family Court's order of protection and a hotline report regarding domestic violence perpetrated by the father against the mother and the children. The caseworker testified to the deplorable condition of the house, stating that the ceiling of the porch was falling down, there were exposed electrical wires inside the house and that the condition of the floor was such that her coworker actually fell through it. She went on to state that, among other things, there were no clear pathways in the home due to the detritus, and a foul odor permeated the property. She further testified that the sleeping arrangements for the children consisted of a mattress on the floor in the living room with a pillow and some blankets.
A second caseworker testified to, among other things, the condition of the Schenectady apartment. Her testimony, with reference to the apartment, was admitted without objection, and the attendant photographic evidence was submitted into evidence. Both supported the description of the Schenectady apartment as being similarly unsanitary, deplorable and unsafe. Specifically, she testified to and presented photographs of, an apartment that lacked clear pathways and was blighted by significant clutter.[FN1] The caseworker further [*3]testified that the children, aged approximately 14 months and two months at the time, were not sleeping in a crib or the like, but rather were sleeping on an adult bed, which presented a dangerous condition in that they could fall out onto the floor or roll on top of each other. Family Court found that each home was so deplorable as to establish neglect and that consideration of the totality of the evidence demonstrated a long-standing pattern in which the father subjected the children to unsafe and deplorable housing conditions at both locations. This finding has a sound and substantial basis in the record and supports Family Court's further conclusion that the physical, mental and emotional conditions of these young children were placed at risk of injury or impairment by the father's failure to maintain safe, hygienic and sanitary living conditions for the children (see Matter of Rosalynne AA. [Bridget AA.], 219 AD3d 1024, 1028 [3d Dept 2023]; Matter of Jack NN. [Sarah OO.], 173 AD3d 1499, 1502 [3d Dept 2019], lv denied 34 NY3d 904 [2019]; Matter of Aerobella T. [Bartolomeo V.], 170 AD3d at 1456; Matter of Natalee M. [Nathan M.], 155 AD3d 1466, 1469-1470 [3d Dept 2017], lv denied 31 NY3d 904 [2018]). Moreover, the court was entitled to draw a strong adverse inference against the father based on his failure to testify at the fact-finding hearing (see Matter of Jack NN. [Sarah OO.], 173 AD3d at 1503; Matter of Heyden Y. [Miranda W.], 119 AD3d 1012, 1014 [3d Dept 2014]).
Contrary to the father's contention, Family Court did not abuse its discretion in sua sponte amending the pleadings to include the deplorable conditions of the Schenectady apartment, so as to conform the pleadings to reflect the proof presented at the hearing. Family Ct Act § 1051 (b) allows such amendment so long as the respondent has a reasonable time to prepare and answer. Here, the father was fully familiar with the facts and issues in this matter as he actively participated in numerous conferences and a two-day removal hearing which included the same caseworker testifying as to the conditions of the Schenectady apartment. Moreover, the fact-finding hearing took place on four separate days over the course of approximately nine months. There was extensive testimony that both the father and the mother reported to caseworkers that the Schenectady apartment was their main residence and that the Petersburg house was under construction. There was ample testimony regarding the uninhabitable condition of both properties and the father had ample and repeated opportunities to cross-examine the witnesses. Furthermore, the mother resolved the neglect petition against her by admitting, on the record in the father's presence, that the condition of the Schenectady apartment was unsanitary and unsafe for the children. Accordingly, our review of the record discloses that the father had reasonable advanced notice of the proof of the conditions of the Schenectady apartment and an opportunity to [*4]respond and has failed to demonstrate that he was either surprised or prejudiced as a result of the amendment of the pleadings (see Matter of Rosalynne AA. [Bridget AA.], 219 AD3d at 1028 n 2; Matter of Alexander Z. [Melissa Z.], 129 AD3d 1160, 1162 [3d Dept 2015], lv denied 25 NY3d 914 [2015]; Matter of Hailey XX. [Angel XX.], 127 AD3d 1266, 1267 [3d Dept 2015]; Matter of Thomas JJ., 14 AD3d 953, 954 [3d Dept 2005]). The father's remaining assertion has been examined and found to lack merit.
Aarons, J.P., Ceresia, McShan and Mackey, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: Said clutter consisted of personal objects, cleaning supplies, clothing, dirty and unsanitary dishes and numerous personal belongings throughout the home.